Frank W. WHITEHEAD,
Petitioner-Appellee,

v.

Louie L. WAINWRIGHT, Secretary, Dept. of Offender Rehabilitation, Respondent-Appellant.

No. 78–1877.

United States Court of Appeals, Fifth Circuit.

Jan. 7, 1980.

Jim Smith, Atty. Gen., Tallahassee, Fla., William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellant.

George K. Rahdert, St. Petersburg, Fla., (Court-appointed), for petitioner-appellee.

Before GODBOLD, HILL and POLITZ, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Petitioner was tried and convicted for murder by a Florida jury. Having exhausted his state remedies, petitioner filed a habeas petition in district court, alleging that he had been tried while incompetent, in violation of *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Following three evidentiary hearings, the district court concluded "that petitioner was unable to consult with his lawyer with a reasonable degree of rational understanding and did not have a rational or factual understanding of the proceedings against him on the afternoon of the second day of trial." *Whitehead v. Wainwright*, 447 F.Supp. 898, 902 (M.D.Fla.1978). Accordingly, the court granted the writ and ordered that petitioner be released by the state of Florida if not retried within 60 days.

■ The essence of respondent's argument is that the district court judge refused to read the transcript of the state trial, and that if he had he would have found that petitioner was competent. Respondent relies on a statement made by the judge, near the end of the first day of hearings, that he would not read the entire 588 page transcript of the state trial. Record, Transcript of Habeas Hearing, Vol. 1, at 49. From this, respondent concludes that the judge never consulted any part of that transcript. What counsel for the state fails to point out is that a few moments later the judge told counsel that he would receive and read that portion of the transcript bearing on the competency issue. *Id.* at 50. At the next hearing, counsel for the state and counsel for the petitioner requested and received permission to file a joint exhibit consisting of the relevant portions of the trial transcript. Record, Transcript of Habeas Hearing, Vol. II, at 29. Thus, we find no merit to the contention that the district court failed to consider all evidence offered on the issue of competency.

■ With respect to the finding that petitioner was incompetent on the second day of his trial, we must affirm. The district court made detailed findings of fact, 447 F.Supp. at 899–901, which we conclude are supported by the record. In addition, it appears that the court chose to credit the testimony of petitioner and the two witnesses called by petitioner at the habeas hearing. While we are convinced that the state trial judge did all he could to assure petitioner a fair trial, short of dismissing the jury and starting anew at a later date, the district court's finding of incompetence is supported by the record and must be left undisturbed.

■ One further issue requires brief discussion. In its order, the district court stated that if, upon retrial, petitioner is once again convicted, "his sentence shall not exceed the sentence imposed at his original trial." 447 F.Supp. at 903. There is no absolute bar to an increased sentence after a defendant is retried and reconvicted. *North Carolina v. Pearce*, 395 U.S. 711, 723, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Although a more severe sentence may not be imposed as punishment for having utilized the appellate process, *Pearce* permits a harsher sentence if one is warranted by "identifiable conduct on the part of the defendant occurring after the time of the original sentence proceeding." *Id.* at 726, 89 S.Ct. at 2081; *Gunsby v. Wainwright*, 596 F.2d 654, 658 (5th Cir. 1979). While we believe that the district court did not intend its order to be read as being contrary to the rule laid down in *Pearce*, the language used is susceptible to such an interpretation. The portion of the order prohibiting a greater sentence in the event of a new trial is, therefore, vacated, and the cause remanded so that the court may reenter the order in accordance with this opinion.

VACATED AND REMANDED.