441 So.2d 169 (1983)
Michael ULLOA, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-73.
District Court of Appeal of Florida, Third District.
November 15, 1983.
*170 Richard A. Barnett, Hollywood, Marc N. Linowitz, Miami, for appellant.
Jim Smith, Atty. Gen. and G. Bart Billbrough, Asst. Atty. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant Michael Ulloa appeals his judgment of conviction and sentence for second degree murder contending on appeal that: (1) the trial court erred in failing to grant his motions for judgment of acquittal below on the ground that the evidence was insufficient to support a conviction for second degree murder, (2) the trial court erred in preventing the defendant from cross-examining the wife of the defendant as to a prior murder committed by the victim of the homicide herein, and (3) the trial court erred in permitting the state to discuss cocaine in the cause. After carefully examining these contentions together with the record and applicable law we find that no error was committed herein. We accordingly affirm.
First, the evidence is more than sufficient in this case to sustain a conviction for second degree murder. We recognize that the evidence is somewhat in conflict but viewing the evidence in a light most favorable to the state, as we must on this appeal, it is plain that the trial court committed no error in denying the defense motion for a judgment of acquittal below. Lynch v. State, 293 So.2d 44 (Fla. 1974); Huntley v. State, 66 So.2d 504 (Fla. 1953); § 782.04(2), Fla. Stat. (1981).
Second, we see no error in restricting the cross-examination of one of the state's witnesses with reference to a prior homicide committed by the victim herein. An adequate predicate of self-defense had not been laid at that point and such testimony was accordingly not admissible at that time. See Williams v. State, 252 So.2d 243, 247 (Fla. 4th DCA 1971), cert. denied, 255 So.2d 682 (Fla. 1971).
Third, we see no error in the admission of testimony concerning the theft of cocaine in this case and in any event this alleged error was not preserved for appellate review by a proper objection at trial. Sireci v. State, 399 So.2d 964, 968 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); German v. State, 379 So.2d 1013 (Fla. 4th DCA 1980), cert. denied, 388 So.2d 1113 (Fla. 1980).
The judgment of conviction and sentence appealed from is in all respects
Affirmed.