537 So.2d 699 (1989)
Carl WATTS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2307.
District Court of Appeal of Florida, Fourth District.
February 1, 1989.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mardi Levey Cohen, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant, charged with second degree homicide, slept through about seventy percent of his murder trial, whereat he was convicted. He claims he is entitled to a reversal because the trial court should have, on its own motion, initiated an incompetency hearing. Under the facts of this case, we disagree and affirm.
The defendant admits that he did not move for a hearing on competency under Florida Rule of Criminal Procedure 3.210(b). Nevertheless, he insists the court should have done so on its own motion because there were reasonable grounds to believe that the defendant was not mentally competent to stand trial.
Each day that the defendant slept during trial, the trial judge inquired of him as to why he did so. When questioned, the defendant repeatedly denied that he was taking any medication, alcohol or drugs. His answers to the questions were lucid and not, on their face, irrational.
After the trial and at the sentencing hearing, the defendant claimed, for the first time, that he had lied during the trial and that, in fact, he had been out getting high on drugs every night. (He was out on bail.)
The question before us is simple: when a defendant sleeps during much of his trial, and upon inquiry, provides lucid explanations, does the trial judge commit reversible error if he fails to appoint at least two experts to examine the accused even though defense counsel makes no such request and remains silent during his client's explanations. We believe the answer is: No.
It is true that the defendant's behavior was unusual and may have affected his "sufficient present ability to consult with his lawyer with a reasonable degree of *700 rational understanding." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). However, we say that with the advantage of hindsight. When questioned, he provided lucid answers to which his own defense counsel made no comment or protest. Under such circumstances and in the absence of a motion from the defense, there does not arise "reasonable ground to believe that the defendant is not mentally competent to stand trial." Fla.R. Crim.P. 3.210(b). Though it is true that the trial judge was told at the subsequent sentencing hearing that the defendant had been on drugs, that newfound knowledge cannot be attributed to the court at the time of trial.
We are not insensitive to the Federal decision in Whitehead v. Wainright, 447 F. Supp. 898 (M.D.Fla. 1978), vacated on other grounds, 609 F.2d 223 (5th Cir.1980), but that case involved a habeas corpus proceeding. Sub judice, we are involved with a direct appeal which, in essence, charges the trial judge with an abuse of discretion at the time of trial. We do not believe we can so hold.
Finally, our own research has uncovered a Florida Supreme Court case which indicates that the fact that the defendant's inability to function is self-induced, does not dispense with the necessity of a competency hearing. Lane v. State, 388 So.2d 1022, 1026 (Fla. 1980). However, as noted in Lane, the record in that case clearly raised doubt as to the defendant's competency. Under the facts of the case at hand, the sleeping could just as well have been attributable to inattention or indifference.
AFFIRMED.
HERSEY, C.J., and STONE, J., concur.