PER CURIAM.
This is an appeal by the defendant Augustine Daniel Chery from (1) a final judgment of conviction for first-degree murder and a sentence of life imprisonment with no parole for twenty-five years, and (2) final judgments of conviction and suspended sentences for (a) displaying a firearm during the commission of a felony, and (b) assault. The defendant raises six points on appeal.
First, the defendant contends that he was not accorded effective assistance of counsel at trial, but fails to demonstrate on the face of the record that this is true. Ordinarily, a claim of ineffective assistance of trial counsel may not be raised for the first time on direct appeal, as the claim is a collateral matter which should be brought on a motion for post-conviction relief under Fla.R.Crim.P. 3.850. The only exception to this rule is where the facts which establish the claim are apparent on the face of the record. The defendant falls short of making the requisite evidentiary showing to establish his claim on the face of this record. Gregory v. State, 588 So.2d 676 (Fla. 3d DCA 1991); Antunovich v. State, 491 So.2d 328 (Fla. 1st DCA 1986).
Second, the remaining points on appeal are equally unavailing, (a) The trial court clearly did not commit reversible error in a pretrial ruling concerning the inadmissibility of reputation evidence concerning the murder victim herein; indeed, defense counsel agreed with this ruling and presented no reputation witnesses at any time during trial as apparently there were none to present. Ulloa v. State, 441 So.2d 169, 170 (Fla. 3d DCA 1983); Williams v. State, 238 So.2d 137, 139 (Fla. 1st DCA), cert. denied, 241 So.2d 397 (Fla.1970); see also Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980). (b) The trial court did not err in failing to conduct an inquiry concerning the defendant’s mental competency to stand trial as no showing of mental incompetency was ever made below, and no defense request for such an inquiry was ever made below. Fla.R.Crim.P. 3.210(b); Trawick v. State, 473 So.2d 1235, 1238-39 (Fla.1985), cert. denied, 476 U.S. 1143, 106 S.Ct. 2254, 90 L.Ed.2d 699 (1986); Watts v. State, 537 So.2d 699 (Fla. 4th DCA), rev. denied, 545 So.2d 1370 (Fla.1989). (c) The trial court did not err in failing to conduct a Richardson hearing as no claim of a discovery violation was ever made by the defendant at trial. See Longo v. State, 580 *1163 So.2d 212, 215 (Fla. 4th DCA), rev. denied, 589 So.2d 291 (Fla.1991); Delmarco v. State, 406 So.2d 1169 (Fla. 1st DCA 1981), rev. dismissed, 415 So.2d 1859 (Fla.1982). (d) Sufficient evidence of premeditation was adduced below. See Roberts v. State, 510 So.2d 885, 888 .(Fla.1987), cert. denied, 485 U.S. 948, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988); Sireci v. State, 399 So.2d 964, 967 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982); Dupree v. State, 615 So.2d 713, 715 (Fla. 1st DCA), rev. denied, 623 So.2d 495 (Fla.1993). (e) The final point concerning the alleged failure to order a recess of trial has no merit as the defendant did not request such a recess. See Finder v. State, 396 So.2d 272 (Fla. 3d DCA 1981).
The final judgments of conviction and sentences under review are, therefore, in all respects
Affirmed.