778 So.2d 464 (2001)
Marvel R. TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D00-2145.
District Court of Appeal of Florida, First District.
February 20, 2001.
Marvel R. Taylor, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. His claim is that his habitual offender sentence was not authorized by statute because his last previous felony conviction and commitment ended more than five years prior to his commission of the current offense. Because the appellant has stated a colorable claim, his motion should not have been summarily denied. See section 775.084(1)(a)2 b, Florida *465 Statutes (1997); Johnson v. State, 765 So.2d 914 (Fla. 2d DCA 2000).
Even though the appellant entered a negotiated plea calling for the habitual felony offender sentence, he cannot authorize a trial court to impose an illegal sentence. See Brown v. State, 609 So.2d 730 (Fla. 1st DCA 1992).
We accordingly reverse the trial court's summary denial of the motion and remand this case for further proceedings under the rule. Should the trial court ultimately determine that the appellant is entitled to relief, the appellee will no longer be bound by the plea agreement. See, e.g., Boatwright v. State, 637 So.2d 353 (Fla. 1st DCA 1994).
REVERSED and REMANDED.
ERVIN, BOOTH and ALLEN, JJ., concur.