784 So.2d 1237 (2001)
Patrick REYNOLDS, a/k/a Robert C. Johnson, a/k/a Todd Paul Stacey (DOC # 253733), Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2007.
District Court of Appeal of Florida, Second District.
April 27, 2001.
*1238 Patrick Reynolds, a/k/a Robert C. Johnson, a/k/a Todd Paul Stacey, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Patrick Reynolds, a/k/a Robert Chris Johnson, a/k/a Todd Paul Stacey (Mr. Johnson),[1] appeals an order denying his motion to correct illegal sentences. We reverse and remand for further proceedings because numerous errors occurred during his sentencing on April 23, 1997. Whether those errors will ultimately shorten his total sentence is unclear from our record.
Mr. Johnson has numerous aliases and an extensive criminal record. This caused some complexity at his sentencing hearing, which involved sentences imposed upon violation of probation. At that hearing, he was sentenced in case numbers 88-18228, 89-15323, 90-10719, 90-10720, 90-14444, and 91-11307. Pursuant to a negotiated plea, he received concurrent 15-year sentences of imprisonment as a habitual offender with varying awards of jail and prison credit. These terms of imprisonment were all followed by 5 years' probation.
The State has filed a helpful brief in this case, which points out that the habitual offender sentences in case numbers 88-18228, 89-15323, 90-10719, 90-10720, and 90-14444 are all improper because Mr. Johnson was not originally sentenced as a habitual offender in those cases. Moreover, the terms of probation in case numbers 88-18228, 89-15323, and 90-14444 had expired prior to the 1997 violation so that no sentence was appropriate in those cases. See State v. Summers, 642 So.2d 742 (Fla.1994).
All of these illegal sentences may have little effect on Mr. Johnson's total term of imprisonment because it does not appear that his sentence is illegal in case number 91-11307. In that case, he originally received a 60-year habitual offender sentence, with 55 years suspended and replaced by 15 years' probation. Apparently, he agreed to the 1997 plea primarily because of the risk this longer sentence created. However, our record suggests that the trial court intended to give Mr. Johnson 5 years of prison credit for all counts contained in case number 91-11307, and he may not be receiving that credit on all counts.
On remand, the trial court shall carefully review Mr. Johnson's sentencing. In light of the complexity of these errors, we do not mandate any specific relief on remand. It would appear likely, however, that the trial court will need to resentence Mr. Johnson in order to achieve the negotiated plea described in the transcript of the sentencing hearing that took place on April 23, 1997.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., concur.
NOTES
[1] We refer to the appellant as Mr. Johnson because the Department of Corrections uses this name as his primary name.