851 So.2d 851 (2003)
Robert LOVETT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-4859.
District Court of Appeal of Florida, Second District.
August 8, 2003.
SALCINES, Judge.
Robert Lovett appeals the order which dismissed his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court dismissed the motion because an appeal was pending from an earlier order denying a previously filed motion to correct illegal sentence. Because the trial court did have jurisdiction to consider the current motion, we reverse and remand for further proceedings.
On June 13, 1996, Lovett pleaded guilty to one count of sale of cocaine and one *852 count of possession of cocaine. Pursuant to the terms of the plea agreement, he received a fifteen-year habitual offender sentence for the sale of cocaine. Fourteen years of the sentence were suspended, the balance of one year was to be served in county jail, and upon his release from jail, Lovett was to serve five years of probation. Lovett was sentenced to time served for the possession of cocaine conviction. Subsequently, Lovett violated his probation and was sentenced on July 25, 1997, to concurrent terms of fourteen years' and five years' imprisonment.
After his convictions and sentences were affirmed on appeal, Lovett v. State, 748 So.2d 273 (Fla. 2d DCA 1999), Lovett filed his first motion to correct illegal sentence. The first motion is not contained in the record before this court as it is not the subject of the current appeal. In a detailed order, the trial court denied the motion on April 2, 2001. Lovett did not appeal the denial of this motion.
Lovett filed a second motion to correct illegal sentence on October 11, 2001. The motion raised two claims. Lovett first asserted that his five-year sentence for the possession of cocaine conviction was illegal because originally he had been sentenced to time served. The trial court agreed with Lovett's argument and vacated the five-year sentence. Lovett's second argument was that the original sentence for the sale of cocaine was "a hybrid split sentence which is not authorized, because the total sentence for this particular offense exceeds the statutory maximum for the offense mak[ing] it illegal." The trial court denied the second argument in this motion on June 13, 2002. A notice of appeal was filed on June 28, 2002. This court issued a per curiam affirmance of the trial court's decision on September 25, 2002. Lovett v. State, 829 So.2d 216 (Fla. 2d DCA 2002). However, the mandate did not issue in the case until October 23, 2002.
On September 6, 2002, Lovett filed his third motion to correct illegal sentence. In that motion, which is the subject of the current appeal, Lovett claimed that the fourteen-year sentence upon the revocation of his probation violated double jeopardy and was "a reverse split sentence." Lovett made the argument that upon the revocation of his probation, the sentence imposed by the trial court could not have exceeded the remaining term of his probation. He requested that the trial court correct his sentence to reflect a five-year prison term.
On October 2, 2002, the trial court issued an order dismissing this third motion because there was a pending appeal of Lovett's second motion to correct illegal sentence. (The mandate issued in the case on October 23, 2002.) The trial court held that it was without jurisdiction to consider the merits of that third motion. In the order, the trial court made the following statement: "Even if this Court had jurisdiction, it would find the instant motion should be barred as successive." The dismissal did not state that it was with prejudice and, as such, was not a ruling on the merits of the third motion. Cf. Burch v. State, 721 So.2d 1198 (Fla. 1st DCA 1998) (holding trial court should have dismissed motion for postconviction relief due to lack of jurisdiction rather than deny motion because denial acted as ruling on the merits of motion).
It is true that rule 3.800(a) provides that a party may not file a motion under that subdivision during the pendency of a direct appeal from a judgment or sentence. Additionally, a trial court does not have jurisdiction to consider the merits of a newly filed motion to correct illegal sentence if a motion to correct illegal sentence which is the subject of a pending appeal has raised the same issue or if the two motions are *853 "sufficiently related to divest the trial court of jurisdiction." Parrish v. State, 816 So.2d 146, 146 (Fla. 1st DCA 2002); see Gaines v. State, 806 So.2d 575, 575 (Fla. 1st DCA 2002).
In the present case, the issues raised in the second motion to correct illegal sentence, which was the subject of a then pending appeal, were not the same and were not sufficiently related to those presented in the third motion to divest the trial court of jurisdiction. The trial court may ultimately deny the motion after it has considered the merits, but erred when it dismissed the motion for lack of jurisdiction. The order dismissing the motion is reversed, and the trial court is directed to consider the merits of the third motion.
Reversed and remanded for further proceedings.
SILBERMAN, J., Concurs.
ALTENBERND, C.J., Dissents with opinion.
ALTENBERND, Chief Judge, Dissenting.
I agree that the trial court dismissed this motion for an incorrect reason. The motion, however, is facially insufficient. There simply is nothing illegal about the two sentences he is serving. As a habitual offender, the sentence for the second felony could be twice as long. Because the trial court would have been affirmed had it simply denied this motion, I would affirm the order of dismissal as an order that was right for the wrong reasons. I see no reason to cause the trial court to expend further resources on this motion, and I certainly see no reason for this court to entertain another appeal from an order denying this facially insufficient motion.