884 So.2d 254 (2004)
Bobby LATULIP, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1022.
District Court of Appeal of Florida, Second District.
August 13, 2004.
KELLY, Judge.
Bobby LaTulip challenges the summary dismissal of his motion for jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Because the trial court had jurisdiction to consider the motion, we reverse and remand for further proceedings.
LaTulip filed a rule 3.800(a) motion in case number 2D03-4718 on June 2, 2003, followed by an amended motion on July 25, 2003. The trial court denied both on July 25, 2003. LaTulip filed a timely appeal. While that appeal was pending, LaTulip filed the 3.800(a) motion for jail credit that is the subject of this appeal. *255 Because of the pending appeal, the trial court concluded that it lacked jurisdiction to decide the motion and dismissed it without prejudice to LaTulip's filing a proper motion when jurisdiction again vested in the trial court.
Rule 3.800(a) provides that a party may not file a motion under that subdivision during the pendency of a direct appeal from a judgment or sentence. Additionally, a trial court does not have jurisdiction to consider the merits of such a motion if another rule 3.800(a) motion that is the subject of a pending appeal has raised the same issue or if the two motions are "sufficiently related to divest the trial court of jurisdiction." Lovett v. State, 851 So.2d 851, 852-53 (Fla. 2d DCA 2003) (quoting Parrish v. State, 816 So.2d 146, 146 (Fla. 1st DCA 2002)); see also Gaines v. State, 806 So.2d 575, 575 (Fla. 1st DCA 2002). Conversely, a trial court may rule on the merits of a subsequent rule 3.800(a) motion if it raises issues that are not related to the earlier motion. Lovett, 851 So.2d at 852.
In 2D03-4718, LaTulip sought prison credit and claimed that "the sentencing judge failed to complete his responsibility when he did not place a check in the appropriate box on judgment and sentence indicating that defendant who was sentenced after probation was revoked was entited [sic] to prison credit for time previously served." In this case, LaTulip's motion sought jail credit for time served in connection with his various violations of probation. Because the issue raised in this motion is unrelated to the issue raised in the earlier motion, the trial court had jurisdiction to rule on the merits of this motion. Accordingly, we reverse and remand with instructions that the trial court address the merits of LaTulip's motion.
Reversed and remanded with instructions.
STRINGER and SILBERMAN, JJ., concur.