882 So.2d 1091 (2004)
Maricka L. LATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1422.
District Court of Appeal of Florida, First District.
September 22, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges that his 35-year prison releasee reoffender sentence on his attempted murder conviction is an impermissible downward departure from a life sentence; his 35-year prison releasee reoffender sentence on his attempted robbery conviction is an illegal upward departure from the 15-year sentence mandated by statute; and his 35-year prison releasee reoffender sentence for possession of a firearm by a conviction felon is an illegal departure from the 15-year statutory maximum sentence because such an offense was not enumerated in the prison releasee reoffender statute. We affirm the summary denial of the appellant's first and *1092 second claims without comment. Because the appellant's third claim has merit, we reverse and remand for further proceedings.
On June 29, 2000, pursuant to a plea agreement, the appellant was sentenced to concurrent 35-year prison releasee reoffender sentences with concurrent minimum mandatory sentences under the 10-20-Life statute for attempted first degree murder with a firearm, attempted robbery with a firearm, and possession of a firearm by a convicted felon pursuant to sections 777.04, 782.04(1)(a), 790.23(1), 812.13(2)(a), Florida Statutes (1995). The appellant alleges, among other things, that his 35-year prison releasee reoffender sentence exceeds the 15-year statutory maximum for possession of a firearm by a convicted felon and, therefore, is illegal.
Possession of a firearm by a convicted felon is a second degree felony punishable by a term not exceeding 15 years in prison. §§ 790.23(1)(a), 775.082(3)(c), Fla. Stat. (1999). The state attorney cannot classify a defendant convicted of possession of a firearm by a convicted felon as eligible for a prison releasee reoffender sentence, because such an offense is not enumerated in the prison releasee reoffender statute. § 775.082(9)(a), Fla. Stat. (1999). Furthermore, the subsection of the 10-20-Life statute used by the sentencing court to apply a minimum mandatory to the appellant's sentence does not apply to convictions for possession of a firearm by a convicted felon. § 775.087(2)(a)(3), Fla. Stat. (1999). It is clear from the record that the appellant's sentence is above the statutory maximum sentence of 15 years for a second-degree felony and the illegality is not extinguished simply because he pled to this offense. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Taylor v. State, 778 So.2d 464, 465 (Fla. 1st DCA 2001).
Therefore, the appellant's claim of an illegal sentence in regard to his conviction for his possession of a firearm by a convicted felon was improperly denied.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
KAHN, WEBSTER and POLSTON, JJ., concur.