886 So.2d 417 (2004)
Evans DARLING, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-2001.
District Court of Appeal of Florida, First District.
November 15, 2004.
Appellant, pro se.
Charlie Crist, Attorney General; Alan R. Dakan, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) in which he alleges that he was sentenced under the wrong statute and that his sentence is illegal because it exceeds the statutory maximum. We affirm the summary denial of Appellant's first claim without comment. Because Appellant's second claim has merit, we reverse and remand for further proceedings.
On March 3, 1997, pursuant to a plea agreement, Appellant was sentenced to a guidelines sentence of 10.5 years in prison *418 followed by 20 years of probation for attempted first degree murder pursuant to section 782.04, Florida Statutes (1995). Appellant alleges that the combination of his incarcerative and supervisory portions of his sentence exceed the 30-year statutory maximum for attempted first degree murder, therefore, his sentence is illegal.
Attempted first degree murder may be punished by a term of imprisonment not to exceed 30 years. §§ 775.082(3)(a)(3)(b), 777.04(4)(b), 782.04(1)(a)(3), Fla. Stat. (1995). The combined periods of incarceration and probation of a probationary split sentence cannot, at the time of the original sentence, exceed the maximum period of incarceration provided by statute for the offense charged. See State v. Holmes, 360 So.2d 380, 383 (Fla.1978); Ward v. State, 558 So.2d 166 (Fla. 1st DCA 1990).
Here, when adding the 10.5 years of incarceration to the 20 years of probation, the 30.5-year sentence exceeds the 30-year statutory maximum for attempted first degree murder. Furthermore, Appellant cannot assent to an illegal sentence by entering into a negotiated plea agreement with the State. Taylor v. State, 778 So.2d 464, 465 (Fla. 1st DCA 2001). Because Appellant's sentence fails to comport with statutory limitations and the illegality is revealed by the record without any need for an evidentiary determination, State v. Mancino, 714 So.2d 429 (Fla.1998), Appellant's claim of an illegal sentence was improperly denied.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH, VAN NORTWICK and PADOVANO, JJ., CONCUR.