PER CURIAM.
 

 This court previously consolidated two appeals filed by Defendant: an appeal from an order entered September 3, 2008, summarily denying his rule 3.800(a) motion to correct illegal sentence (case no. 4D09-260); and an appeal from an order entered January 13, 2009, while the first appeal was pending, granting his second rule 3.800(a) motion to correct sentence and resentencing him, and the order denying his motion for rehearing
 
 “without prejudice
 
 pending the outcome” of the first appeal (case no. 4D09-1088). We reverse the September 3 order and vacate the January 13 order.
 

 Following a jury trial, Defendant was found guilty of false imprisonment and was sentenced as a habitual felony offender (HFO) to five years in prison, followed by five years of drug offender probation, with a five-year mandatory minimum as a prison releasee reoffender (PRR).
 

 In August 2008, Defendant filed a rule 3.800(a) motion to correct illegal sentence in which he argued that his PRR enhancement was illegal because false imprisonment is not an enumerated felony listed in section 775.082(9)(a)l., Florida Statutes (2004). He thus asked the court to remove the PRR enhancement from his sentence. In an order entered September 3, 2008, the trial court summarily denied the mo
 
 *1025
 
 tion and Defendant filed a timely notice of appeal.
 

 While the appeal was pending, on October 29, 2008, Defendant filed another rule 3.800(a) motion, this time challenging the imposition of both HFO and PRR sentences, where the HFO sentence did not include a greater sentence of incarceration, in that the incarcerative portions of the sentences were equal. He asked the court to vacate his sentence and resentence him. In an order entered January 13, 2009, the trial court granted Defendant’s second motion and directed the clerk of the court to delete the PRR portion of the sentence. Defendant timely moved for rehearing, citing authority that it is the HFO sentence which should be struck when a defendant is sentenced to equal terms of incarceration as a PRR and as a HFO. In an order dated and entered February 11, 2009, the trial court denied the motion for rehearing, “without prejudice pending the outcome of the Defendant’s appeal with the Fourth District Court of Appeal in Case No.: 4D09-260.” Defendant timely appealed.
 

 Both of Defendant’s grounds are cognizable in a rule 3.800(a) motion.
 
 See Latson v. State,
 
 882 So.2d 1091, 1092 (Fla. 1st DCA 2004) (reversing in part summary denial of rule 3.800(a) motion, as to claim that offense in question was not enumerated in the prison releasee reoffender statute);
 
 see also Johnson v. State,
 
 927 So.2d 251, 252 (Fla. 2d DCA 2006) (holding that where the term of incarceration as a HFO did not exceed the PRR sentence, though it included a probationary term to follow, the sentence was an illegal one, correctable pursuant to rule 3.800(a)).
 

 We reverse the trial court’s September 3, 2008 denial of the first rule 3.800(a) motion. The State’s response to this court’s order to show cause does not dispute that false imprisonment is not an enumerated felony under section 775.082(9)(a)l., Florida Statutes (2004).
 
 State v. Hearns,
 
 961 So.2d 211, 213 (Fla. 2007) (explaining that the only consideration in determining whether an offense is a forcible felony is the statutory elements of the offense);
 
 Sinclair v. State,
 
 973 So.2d 665, 665 (Fla. 3d DCA 2008) (reversing sentence and remanding for resentenc-ing because false imprisonment is not enumerated in subsection 775.082(9)(a)l., Florida Statutes (2004));
 
 see also
 
 § 787.02(l)(a), Fla. Stat. (2004) (defining false imprisonment as “forcibly, by threat, or secretly confining, abducting, imprisoning, or restraining another person without lawful authority and against her or his will,” which may be accomplished by physical force, but also in other ways).
 

 We must further conclude that the January 13, 2009 order on the second rule 3.800(a) motion was entered while the trial court lacked jurisdiction due to the pen-dency of the appeal from the first order. Ordinarily, a trial court has no jurisdiction to consider a rule 3.800(a) motion while the appeal from the denial of a prior rule 3.800(a) motion is pending.
 
 E.g., Lea-Scandrett v. State,
 
 804 So.2d 531, 531 (Fla. 1st DCA 2002) (vacating order denying newer motion and remanding for the trial court to dismiss that motion). A more precise statement of the principle is the following:
 

 [A] trial court does not have jurisdiction to consider the merits of such a motion if another rule 3.800(a) motion that is the subject of a pending appeal has raised the same issue or if the two motions are “sufficiently related to divest the trial court of jurisdiction.”
 
 Lovett v. State,
 
 851 So.2d 851, 852-53 (Fla. 2d DCA 2003) (quoting
 
 Parrish v. State,
 
 816 So.2d 146, 146 (Fla. 1st DCA 2002));
 
 see also Gaines v. State,
 
 806 So.2d 575, 575 (Fla. 1st DCA 2002). Conversely, a trial court may rule on the merits of a subsequent rule 3.800(a) motion if it raises issues that are not related to the earlier motion.
 
 Lovett,
 
 851 So.2d at 852.
 

 
 *1026
 

 Latulip v. State,
 
 884 So.2d 254, 255 (Fla. 2d DCA 2004).
 

 In this case, the first motion challenged whether Defendant’s offense, as a matter of law, qualified for PRR sentencing; the second motion challenged the concurrent sentencing of PRR and HFO sentences, seeking to vacate the HFO sentence and to allow the PRR sentence to stand. If Defendant was correct in his first motion, then his second motion would have no validity; if the PRR designation were stricken, there would be no illegality in the remaining HFO sentence. For that reason, the two motions are sufficiently related such that the trial court lacked jurisdiction to rule on the second motion while the appeal from the denial of the first was pending.
 

 Accordingly, we reverse the first order on appeal and remand for further proceedings; and we vacate the second order for lack of jurisdiction.
 

 Reversed and Remanded as to Case No. W09-260; Order on Appeal in Case No. J/.D09-1088 Vacated.
 

 WARNER, POLEN and STEVENSON, JJ., concur.