SUAREZ, J.
 

 Orlando Campo (“Campo”) appeals from the trial court’s denial of his pro se Motion to Correct Jail Time pursuant to Fla. R.Crim. P. 3.800(a). Because the record supports the trial court’s decision to deny the motion, we affirm.
 

 Campo was charged with strong-arm robbery. The State and the defense announced a plea agreement on September 19, 2007. Campo advised the court during colloquy that although he was taking medication for schizophrenia, neither his illness nor the medication he was on prevented him from understanding what was happening in the court. Both the State and the defense stipulated to his competency. Campo agreed that he was competent to enter the plea and advised the court that he was not under the influence of alcohol or drugs that would prevent him from understanding anything happening in court.
 

 “An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error.” § 924.051(3), Fla. Stat. (2009). The record reflects that defense counsel stipulated to Campo’s competency, did not ask for a competency hearing, and did not make any objections regarding Campo’s competency. The issue, therefore, was not properly preserved for appeal.
 

 The trial court did not err when it did not request, sua sponte, a competency hearing. This Court has held that a trial court does not err when it does not conduct an inquiry concerning the defendant’s mental competency to stand trial where no showing of mental incompetency was made and no request by the defendant for such an inquiry was made.
 
 See Chery v. State,
 
 642 So.2d 1161, 1162 (Fla. 3d DCA 1994). In the present case, the State and the defense stipulated to Campo’s competency. Campo was taking his medication and he assured the court that he was competent to enter into the plea agreement. Fur
 
 *737
 
 ther, defense counsel never requested a competency hearing. The record does not reflect any information sufficient to raise a reasonable doubt as to Campo’s mental competence to proceed in his plea agreement.
 

 Moreover, the trial court was not required to entertain Campo’s motion. This court granted Campo’s petition for a belated appeal on December 31, 2007. Campo thereafter filed a Motion to Credit Jail Time on July 18, 2008. The issue brought on appeal was the same issue raised in the motion. “[A] court may at any time correct an illegal sentence ... provided that a party may not file a motion to correct an illegal sentence under this subdivision during the time allowed for the filing of a motion under subdivision (b)(1) or during the pendency of a direct appeal.” Fla. R.Crim. P. 3.800(a) (2009),
 
 cf. Latulip v. State,
 
 884 So.2d 254 (Fla. 2d DCA 2004) (finding that a trial court does not have jurisdiction to consider the merits of a motion if another rule 3.800(a) motion that is the subject of a pending appeal has raised the same issue or if the two motions are sufficiently related to divest the trial court of jurisdiction).
 

 We conclude that since the record does not reflect any fundamental error on the trial court’s behalf, and since the issue was not properly preserved for appeal, the trial court’s decision to deny Campo’s motion will not be disturbed. We therefore affirm.
 

 Affirmed.