PER CURIAM.
 

 Marcus L. Blackmon was tried by jury and convicted of unlawful sexual activity with a minor. He appeals his conviction and sentence on the ground that the trial court committed fundamental error in proceeding to trial without finding him competent to proceed. However, in this case, unlike in an earlier case discussed below, the defendant neither claimed that he was incompetent to stand trial nor moved for a hearing to determine his competency.
 

 In an earlier case, the defendant was charged with two counts of burglary of a conveyance. He was found incompetent to proceed to trial on July 27, 2007. His case was transferred to a second judge, who ordered the Department of Children and Families to provide the defendant with competency restoration and treatment.
 

 On May 14, 2008, the defendant attended a plea and sentencing hearing before a third judge in the burglary case. Before the proceedings, neither the defense attorney nor prosecutor apprised the trial court of the July 27, 2007 order adjudicating the defendant incompetent. The court did not hold a hearing to determine whether the defendant had been restored to competency or enter a written order to that effect. The defendant entered a negotiated plea of guilty to one count of burglary of a conveyance and one count of attempted burglary of a conveyance. He was sentenced as a habitual felony offender to concurrent terms of one year plus one day in prison on both counts. The defendant appealed
 
 *150
 
 his conviction and sentence. We reversed, holding that the defendant remained incompetent to enter guilty pleas until the trial court held a hearing and adjudicated him competent to proceed.
 
 See Blackmon v. State,
 
 23 So.3d 239 (Fla. 4th DCÁ 2009).
 

 The appeal now before us arose from a separate case, wherein the defendant was charged with armed sexual battery, kidnapping, and unlawful activity with a minor. The defendant’s trial on these charges began on June 3, 2008, about three weeks after the plea hearing in the burglary case. The defendant went to trial before the same judge, with the same prosecutor and defense attorney. However, as mentioned above, the record in this case does not reflect that the defendant ever moved for a hearing to determine his competency to proceed to trial or that an order adjudicating him incompetent was ever entered.
 

 It is well-settled that “ ‘a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial.’”
 
 Carter v. State,
 
 706 So.2d 873, 875 (Fla.1997) (quoting
 
 Drope v. Missouri,,
 
 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975)). Further, “once adjudicated incompetent, the legal status of a defendant cannot change from incompetent to competent without a hearing.”
 
 Erickson v. State,
 
 965 So.2d 294, 294 (Fla. 5th DCA 2007).
 
 Accord Jackson v. State,
 
 880 So.2d 1241, 1242 (Fla. 1st DCA 2004).
 

 Generally, however, the trial court has no independent obligation to hold a competency hearing if there is nothing to alert the court that the defendant may lack competency.
 
 See Cushnie v. State,
 
 993 So.2d 590 (Fla. 4th DCA 2008). In the burglary case, wherein the defendant entered a plea, a review of the court file would have alerted the trial court to the unresolved competency issues. Upon reviewing the file and finding the order adjudicating the defendant incompetent, the court would have been required to conduct a competency hearing and enter a written order stating that the defendant was restored to competence before accepting his plea in that case.
 
 Blackmon,
 
 23 So.3d at 240.
 

 In contrast, here, where no motion had been filed and no order adjudicating the defendant incompetent had ever been entered, the trial court was presumably unaware that the defendant may have been incompetent to proceed to trial. The record does not reflect that counsel for the defendant or the state raised the issue of the defendant’s competency in this case. Nor does the record reflect that the defendant’s conduct during the course of the proceedings was such as to alert the trial court to any competency concerns. Moreover, the court could not properly be charged with knowledge of the contents of the file and competency proceedings in the separate burglary case. We thus affirm the defendant’s conviction and sentence without prejudice to seek postconviction relief.
 

 Because we find no merit in the defendant’s claim that the trial judge committed fundamental error in sentencing the defendant pursuant to an inconsistent verdict, we affirm on that point as well.
 

 Affirmed.
 

 TAYLOR, GERBER and LEVINE, JJ., concur.