FULMER, CAROLYN K., Senior Judge.
 

 Patrick Reynolds appeals the dismissal of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the postconviction court to address the claims on the merits.
 

 Reynolds alleged that he was sentenced to fifteen years in prison followed by five years’ probation in 1997. In 2001, after
 
 *980
 
 remand from this court,
 
 see Reynolds v. State,
 
 784 So.2d 1237 (Fla. 2d DCA 2001), he was resentenced to serve fifteen years in prison followed by five years’ probation for counts one, two, and three and five years in prison concurrent with no probation for counts four and five. After he was released from prison, the court revoked his probation for counts one, two, and three, and in May 2006, he was sentenced to five years in prison (apparently on each count), with the prison sentence suspended, to be served as one year in jail, followed by four years of probation.
 

 After Reynolds’ release from jail, his probation was again revoked, and in January 2007, he was sentenced to three years in prison on counts one, two, three, four, and five, with credit for ninety-two days in jail.
 

 In November 2007, Reynolds filed a motion for credit for time served in which he sought credit for the prior
 
 prison
 
 time served. This was denied, and an appeal from the denial was pending when the postconviction court addressed the instant motion. The first issue raised in the instant motion to correct illegal sentence is that the trial court lacked jurisdiction in January 2007 to impose the prison sentences for counts four and five because Reynolds was not on probation for those counts. The postconvietion court dismissed this claim without prejudice for it to be refiled within thirty days in a sworn rule 3.850 motion. We reverse this ruling because rule 8.800(a) is the appropriate vehicle for Reynolds’ challenge to the sentencing court’s jurisdiction. See
 
 Sepulveda v. State,
 
 909 So.2d 568, 571 (Fla. 2d DCA 2005) (“Sepulveda’s allegations that he was convicted and sentenced based on a violation of probation when the term of his probation had expired state a facially sufficient claim of an illegal sentence under rule 3.800(a).”);
 
 Slingbaum v. State,
 
 751 So.2d 89, 89-90 (Fla. 2d DCA 1999) (holding that “where it can be determined without an evidentiary hearing that a sentence has been imposed by a court without jurisdiction, that sentence is illegal, whatever its length”). The postconviction court’s records should reflect whether Reynolds was sentenced to five years concurrent with no probation for counts four and five in 2001, as he claims.
 

 Reynolds’ second issue is that he was denied credit for his previously served jail time. He claims he was entitled to 650 days but was awarded only 92 days. The postconviction court concluded that this issue was previously raised and was the same issue as that then pending on appeal in case number 2D08^078.
 

 The postconviction court’s exhibit attached to its order shows that the issue in the prior motion concerned credit for prior prison time served, not jail time. The postconviction court erred in dismissing this claim because the issue raised in the instant motion is unrelated to the issue raised in the earlier motion.
 

 In
 
 Latulip v. State,
 
 884 So.2d 254 (Fla. 2d DCA 2004), this court reversed the dismissal of a motion for jail credit filed pursuant to rule 3.800(a) under circumstances similar to this case.
 

 In [the earlier appeal], LaTulip sought prison credit and claimed that “the sentencing judge failed to complete his responsibility when he did not place a check in the appropriate box on judgment and sentence indicating that defendant who was sentenced after probation was revoked was entited [sic] to prison credit for time previously served.” In this case, LaTulip’s motion sought jail credit for time served in connection with his various violations of probation. Because the issue raised in this motion is unrelated to the issue raised in the earli
 
 *981
 
 er motion, the trial court had jurisdiction to rule on the merits of this motion. Accordingly, we reverse and remand with instructions that the trial court address the merits of LaTulip’s motion.
 

 884 So.2d at 254.
 
 Cf. Davis v. State,
 
 20 So.3d 1024 (Fla. 4th DCA 2009) (holding that the postconviction court lacked jurisdiction to rule on motion to correct illegal sentence due to the pendency of an appeal from a prior rule 3.800(a) motion where the two motions were related).
 

 Reversed and remanded with instructions.
 

 NORTHCUTT and CRENSHAW, JJ„ Concur.