NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STEVE CRUZ,                                )
                                           )
            Appellant,                     )
                                           )
v.                                         )        Case No. 2D15-124
                                           )
STATE OF FLORIDA,                          )
                                           )
            Appellee.                      )
                                           )
_____)

Opinion filed November 13, 2015.

Appeal from the Circuit Court for
Hillsborough County; Daniel Perry, Judge.

Howard L. Dimmig, II, Public Defender,
and Brooke Elvington, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


PER CURIAM.


        Steve Cruz appeals the sentences he received after he admitted to

violating his community control in two separate cases.  On May 6, 2014, he entered

negotiated guilty pleas in each case to be sentenced as a youthful offender to

concurrent terms of community control followed by probation. See § 958.04, Fla. Stat. (2013). In case 13-CF-17933, Mr. Cruz was charged with four felony counts and pleaded guilty as charged to each. On count I, armed burglary of a dwelling, a first-degree felony punishable by life, he was sentenced as a youthful offender to two years of community control followed by three years of probation. On count II (grand theft of a motor vehicle, a third-degree felony), count III (grand theft of $300-$5000, a third-degree felony), and count IV (grand theft of a firearm, a third-degree felony), he was sentenced as a youthful offender to two years of community control followed by two years of probation, all concurrent with count I. In case 14-CF-432, Mr. Cruz was charged with three felony counts. He pleaded guilty as charged to count I, burglary of an unoccupied dwelling, a second-degree felony, and was sentenced as a youthful offender to two years of community control followed by three years of probation, concurrent with all counts in case 13-CF-17933. On count II of case 14-CF-432, grand theft from a dwelling, he received a sentence of time served in exchange for his guilty plea. The State entered a nolle prosequi on count III of case 14-CF-432, grand theft of a motor vehicle.

On November 6, 2014, the Department of Corrections filed an amended affidavit of violation of community control alleging that Mr. Cruz committed various violations of the terms of his community control. The circuit court accepted Mr. Cruz' admission to two of these violations and sentenced him to six years in prison as a youthful offender on all seven counts from both criminal cases. Mr. Cruz now appeals, arguing that his sentences on five counts were illegal.

We review the legality of a sentence as a pure issue of law that is subject to de novo review. Wardlaw v. State, 832 So. 2d 258, 259 (Fla. 2d DCA 2002); Ray v. State, 68 So. 3d 346, 347 (Fla. 1st DCA 2011); Flowers v. State, 899 So. 2d 1257, 1259 (Fla. 4th DCA 2005). On the record before us, it is apparent that reversal is merited on five counts. In case 13-CF-17933, the sentences of six years in prison as a youthful offender on counts II, III, and IV were erroneous, as the State concedes, because the maximum permissible sentence on each of these third-degree felony counts was five years in prison. See § 958.14, Fla. Stat. (2013); State v. Milbry, 476 So. 2d 1281, 1281-82 (Fla. 1985). Furthermore, in case 14-CF-432, the trial court reversibly erred in sentencing Mr. Cruz to six years in prison as a youthful offender on counts II and III, given that, as part of Mr. Cruz' original negotiated probationary plea, Mr. Cruz pleaded to time served on count II, and the State entered a nolle prosequi on count III. As the State again concedes, the circuit court lacked jurisdiction to impose any sentence on either of these counts. See, e.g., Reynolds v. State, 28 So. 3d 979, 980 (Fla. 2d DCA 2010).

Reversed and remanded for resentencing consistent with this opinion.

CASANUEVA, LaROSE, and LUCAS, JJ., Concur.