DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER THOMAS**,
Appellant,

v.

**STATE OF FLORIDA**,
Appellee.

No. 4D18-306

[May 1, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Paul L. Backman, Judge; L.T. Case Nos. 16-008741CF10A, 16-008898CF10A, and 16-009273CF10A.

Albert W. Guffanti of Albert W. Guffanti, P.A., Miami, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The Defendant pleaded no contest to robbery. The court sentenced him as a habitual violent offender to a mandatory minimum term of ten years' imprisonment with credit for time served. On appeal, he first argues that the circuit court fundamentally erred in accepting his plea without adjudicating his competency. We affirm. Next, he argues he received ineffective assistance of counsel based on his counsel's failure to raise incompetency in the circuit court. On this issue, we affirm without prejudice to raise the issue in the circuit court.

The Defendant argues that the trial court fundamentally erred when it accepted his plea without determining that his competency was restored. He relies on a 2009 letter from a forensic outpatient center to a judge in a different case. The 2009 letter mentions that in 2007, a court found him incompetent to proceed in a then-pending juvenile case, which is unrelated

to this case.[1]  But the record indicates that the circuit court was not aware of these documents before accepting the Defendant's plea.

It is true that once a court finds reasonable grounds to question a defendant's competency, its failure to hold a competency hearing or enter a written order of competency constitutes fundamental error, "regardless of whether there was a previous declaration or adjudication of incompetence or whether a motion to withdraw plea was filed and considered by the trial court." *Rose v. State*, 248 So. 3d 161, 163 (Fla. 4th DCA 2018) (citing *Dortch v. State*, 242 So. 3d 431, 433–34 (Fla. 4th DCA), *rev. granted*, No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018)).

It is also true that "[a]n individual adjudicated incompetent is presumed to remain incompetent until adjudicated restored to competence." *Samson v. State*, 853 So. 2d 1116, 1116 (Fla. 4th DCA 2003) (citing *Alexander v. State*, 380 So. 2d 1188, 1189 (Fla. 5th DCA 1980)).

But a court does not err when it fails to conduct an inquiry into a defendant's competency without evidence of incompetency. *See, e.g.*, *Castillo v. State*, 244 So. 3d 1098, 1103 (Fla. 4th DCA 2018) (quoting *Campo v. State*, 24 So. 3d 735, 736 (Fla. 3d DCA 2009)).  We have also explained that a court does not have an independent obligation to hold a competency hearing "if there is nothing to alert the court" that the defendant lacks competency. *Blackmon v. State*, 32 So. 3d 148, 150 (Fla. 4th DCA 2010) (citation omitted).

Here, the court had no reason to question the Defendant's competency before accepting his plea, and the fact that he was allegedly adjudicated incompetent in an earlier case does not change that fact. *See id.*  In *Blackmon*, we explained:

> The record does not reflect that counsel for the defendant or the state raised the issue of the defendant's competency in this case. Nor does the record reflect that the defendant's conduct during the course of the proceedings was such as to alert the trial court to any competency concerns. Moreover, the court could not properly be charged with knowledge of the contents of the file and competency proceedings in the separate burglary case.

---

[1] The 2009 letter from the forensic outpatient center is in the record on appeal.  The 2007 order referenced in the letter is not.

2

*Id.* The same is true here. The Defendant's competency was not raised, and the court did not have a reason to question it. Further, the court was not aware, and is not charged with knowing, that the Defendant was allegedly adjudicated incompetent in a separate proceeding. As a result, we affirm.

*Affirmed.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3