# Third District Court of Appeal

## State of Florida

Opinion filed September 8, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1085
Lower Tribunal No. F19-1651
_____

**Zohar Arie Yaron,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Richard Hersch, Judge.

Carlos J. Martinez, Public Defender, and James A. Odell, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Kseniya Smychkouskaya, Assistant Attorney General, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

PER CURIAM.

Affirmed. See Byron v. State, 273 So. 3d 1091, 1094 (Fla. 3d DCA 2019) ("Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges. Neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." (quoting Thompson v. State, 88 So. 3d 312, 319 (Fla. 4th DCA 2012))); Blackmon v. State, 32 So. 3d 148, 150 (Fla. 4th DCA 2010) ("Generally . . . the trial court has no independent obligation to hold a competency hearing if there is nothing to alert the court that the defendant may lack competency."); Campo v. State, 24 So. 3d 735, 736 (Fla. 3d DCA 2009) ("The trial court did not err when it did not request, sua sponte, a competency hearing. . . . [A] trial court does not err when it does not conduct an inquiry concerning the defendant's mental competency to stand trial where no showing of mental incompetency was made and no request by the defendant for such an inquiry was made."); Chery v. State, 642 So. 2d 1161, 1162 (Fla. 3d DCA 1994) ("The trial court did not err in failing to conduct an inquiry concerning the defendant's mental competency to stand trial as no showing of mental incompetency was ever made below, and no defense request for such an inquiry was ever made below.").

2