VILLANTI, Judge.
Ervin Bailey seeks review of the revocation of his probation and the sentence imposed upon revocation. We affirm the revocation and the sentence imposed without further comment. However, because the trial court’s order designating Bailey a violent felony offender of special concern fails to comply with the statutory requirements, we must strike that designation and remand for further proceedings.
*618 At the sentencing hearing following the revocation of Bailey’s probation, the State requested that the court sentence Bailey as a habitual felony offender, and it introduced into evidence a “sentencing packet” to support this request. When the trial court questioned the twelve community sanction points scored on Bailey’s Criminal Punishment Code scoresheet, the State responded that, “He’s a violent felony offender for our [sic] concern.” The court replied, “That’s fine.” Defense counsel did not object or otherwise comment on the State’s response at that time, and no further discussion concerning whether Bailey qualified as a violent felony offender of special concern occurred during the hearing. At the conclusion of the hearing, the trial court sentenced Bailey as a habitual felony offender to the lowest permissible sentence under his Criminal Punishment Code scoresheet. The trial court subsequently entered a written order designating Bailey as a violent felony offender of special concern, and this designation is also included on the written judgment and sentence. Bailey argues that the trial court’s written order imposing this designation does not satisfy the requirements of section 948.06(8)(e), Florida Statutes (2010), and that this failure requires this court to strike the designation and remand for further proceedings.[1] We agree.
Section 948.06(8) imposes additional requirements on the trial court when a probationer before it on revocation proceedings is a violent felony offender of special concern. The statute first defines who qualifies as a “violent felony offender of special concern”:
(a) In addition to complying with the provisions of subsections (l)-(7), this subsection provides further requirements regarding a probationer or offender in community control who is a violent felony offender of special concern. The provisions of this subsection shall control over any conflicting provisions in subsections (l)-(7). For purposes of this subsection, the term “convicted” means a determination of guilt which is the result of a trial or the entry of a plea of guilty or nolo contendere, regardless of whether adjudication is withheld.
(b) For purposes of this section and ss. 903.0351, 948.064, and 921.0024, the term “violent felony offender of special concern” means a person who is on:
1. Felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act;
2. Felony probation or community control for any offense committed on or after the effective date of this act, and has previously been convicted of a qualifying offense;
3. Felony probation or community control for any offense committed on or after the effective date of this act, and is found to have violated that probation or community control by committing a qualifying offense;
4. Felony probation or community control and has previously been found by a court to be a habitual violent felony offender as defined in s.775.084(l)(b) and has committed a qualifying offense on or after the effective date of this act;
5. Felony probation or community control and has previously been found *619 by a court to be a three-time violent felony offender as defined in s. 775.084(l)(c) and has committed a qualifying offense on or after the effective date of this act; or
6. Felony probation or community control and has previously been found by a court to be a sexual predator under s. 775.21 and has committed a qualifying offense on or after the effective date of this act.
§ 948.06(8). The statute then provides a list of nineteen categories of offenses that are “qualifying offenses” under the statute. § 948.06(8)(c). Subsection (d) then requires that probationers who qualify as violent felony offenders of special concern remain in custody pending a hearing on any alleged violation of probation or community control, and it sets forth specific requirements for the conduct of a revocation hearing involving a violent felony offender of special concern. Finally the statute requires that the trial court shall make certain findings in writing if the court finds that a violent felony offender of special concern has violated probation or community control.
(e) If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court shall:
1. Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community. In determining the danger to the community posed by the offender’s release, the court shall base its findings on one or more of the following:
a.The nature and circumstances of the violation and any new offenses charged.
b. The offender’s present conduct, including criminal convictions.
c. The offender’s amenability to non-inearcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
d. The weight of the evidence against the offender.
e. Any other facts the court considers relevant.
2. Decide whether to revoke the probation or community control.
a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.
b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.
§ 948.06(8)(e) (emphasis added).
In this appeal, Bailey does not argue that he does not qualify as a violent felony offender of special concern under subsections (b) and (c), nor does he argue that the trial court failed to hold the hearing required under subsection (d). Instead, he argues only that the trial court’s written order fails to satisfy the requirements of subsection (e).
The written order rendered in this case is a document entitled “Written Findings Pursuant to Section 948.06(8), Fla. Statutes.” This document is a pre-printed *620 form with blanks for listing the defendant’s name and the applicable case number. The body of the form provides:
NOW on this day, a recorded hearing having been held, and the state and the above-captioned defendant being present and represented by counsel, the Court does find that:
- the defendant has admitted or been found in violation of probation or community control;
-the defendant is a violent felony offender of special concern and — does -does not pose a danger to the community;
- The state has stipulated that the defendant does not pose a danger to the community at this time and the state agrees to the disposition ordered herein;
- the defendant is a violent felony offender of special concern but the violations remaining consist only of a failure to pay costs, fines or restitution.
The Court bases its decision on one or more of the following factors checked and/or explained below:
- the defendant has stipulated that he/she poses a threat to the community;
- the nature and circumstances of the violation and any new criminal offenses charged indicate that the offender poses a threat to the community;
- the offender’s present conduct, including criminal convictions indicate that the offender poses a threat to the community;
- the offender poses a threat to the community due to a lack of amenability to nonincarcerative sanctions based on the following:
- the offender’s history and conduct during the current supervision;
- the offender’s history and conduct during previous supervisions;
- the offender’s disciplinary record from previous incarcerations;
- the weight of the evidence against the offender indicates that the offender poses a threat to the community;
- other facts the Court considers relevant:
Using this form, the trial court is presumably expected to place an “X” in the appropriate blank or blanks based on the findings it makes for the probationer before it.
We are not convinced that, given the intricacies of section 948.06(8), the use of such a pre-printed form is sufficient to demonstrate that the trial court complied with its statutory obligation to make specific findings on the enumerated issues. However, assuming for purposes of this case that the form itself is sufficient, the trial court’s written findings were not. While the trial court did place an “X” on the line indicating that it found Bailey to be a violent felony offender of special concern who posed a danger to the community, the court did not place an “X” in any of the blanks to indicate which specific facts listed in section 948.06(8)(e) it was relying on to find that Bailey qualified as such. Moreover, the trial court did not orally pronounce any findings that were consistent with any of the statutory requirements. Cf. Martin v. State, 87 So.3d 813 (Fla. 2d DCA 2012) (concluding that because the trial court made oral findings concerning Martin’s qualifications as violent felony offender of special concern, the court could affirm imposition of the designation and simply remand for entry of a written order that comported with the oral ruling). The State concedes in its brief that no oral findings were made and that the written order is facially deficient.
Accordingly, because the written order designating Bailey as a violent felony offender of special concern does not satisfy the requirements of section 948.06(8)(e), *621 we strike that designation and remand for further proceedings. On remand, the court may reimpose the designation if it makes written findings supported by record evidence that establish that Bailey so qualifies.
Affirmed in part; reversed in part; remanded for further proceedings.
NORTHCUTT and SLEET, JJ„ Concur.

. Bailey filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) raising this issue as well as others. The trial court timely denied the motion. To the extent that Bailey’s rule 3.800(b)(2) motion raised issues regarding his designation as a violent felony offender of special concern other than the lack of written findings, we find no error.