DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH WHITTAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1036

[ July 5, 2017 ]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. 13003526CF10A.

Carey Haughwout, Public Defender, and Jessica De Vera, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Heidi Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Kenneth Whittaker appeals the sentence imposed after the trial court revoked his probation. We reverse and remand for the trial court to: (1) hold a new sentencing hearing and make the necessary written findings under section 948.06(8)(e), Florida Statutes (2015); (2) strike the $400 public defender fee without prejudice to the fee being reimposed on remand after the proper procedure is followed; and (3) enter a written order of revocation of probation specifying the conditions appellant was found to have violated.

Appellant entered a plea of no contest to the charge of aggravated battery with a deadly weapon. He was placed on probation for a period of five years. The state later charged appellant with six probation violations, including a new law violation for resisting an officer without violence.

At a "danger hearing," appellant's probation officer testified that he did not think appellant was a danger to the community, but that he was not sure. The trial court found as follows: "I do not find [appellant] to be a

danger, based upon all the testimony." Appellant entered an open plea to all alleged violations.

Over defense counsel's objection, appellant's scoresheet included 12 points for violating probation as "a violent felony offender of special concern." Appellant received a bottom-of-the-guidelines sentence of 49.05 months in prison with credit for time served. The trial court also assessed a $400 public defender fee without notice or a hearing.

The disposition order indicated that appellant was "not a danger" and that appellant's probation was revoked. However, the disposition order did not indicate that the trial court considered any of the factors set forth in section 948.06(8)(e)1.a.–e., Florida Statutes (2015). The trial court also did not enter a written order of revocation of probation specifying the conditions appellant was found to have violated.

During the pendency of this appeal, appellant filed two unsuccessful motions to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). The motions collectively raised the same arguments he now raises in this appeal.

The legality of a trial court's sentencing is reviewed de novo. *Cherilus v. State*, 199 So. 3d 392, 394 (Fla. 4th DCA 2016).

On appeal, appellant first argues that the trial court failed to comply with the statutory procedure governing a violation of probation by a violent felony offender of special concern ("VFOSC"), as the trial court did not make the "danger" finding using the statutorily enumerated factors under section 948.06(8). Appellant further argues that, because the order designating him as a VFOSC fails to comply with statutory requirements, this court must strike that designation. Appellant therefore maintains that he should have received 6 points, rather than 12 points as a VFOSC, for his violation of probation, which would reduce his lowest permissible sentence. As a remedy, appellant argues that this court should reverse his sentence and remand for a new sentencing hearing where he cannot be designated as a VFOSC.

The state agrees that appellant is entitled to a new sentencing hearing, but otherwise disagrees with appellant's requested relief. The state argues that the VFOSC designation should not be removed and that the proper remedy is to reverse the sentencing order for another sentencing hearing with directions that the trial court make the necessary written findings under section 948.06(8)(e)1.

A "violent felony offender of special concern" includes a person who is on felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of the Act. § 948.06(8)(b)1., Fla. Stat. (2015). The term "qualifying offense" includes aggravated battery. § 948.06(8)(c)3., Fla. Stat. (2015).

If a person qualifies as a VFOSC and commits a violation of probation or community control (other than a failure to pay costs, fines, or restitution), the trial court must make written findings as to whether the VFOSC poses a danger to the community:

> (e) If the court, after conducting the hearing required by paragraph (d), determines that a violent felony offender of special concern has committed a violation of probation or community control other than a failure to pay costs, fines, or restitution, the court shall:
>
> 1. *Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community.* In determining the danger to the community posed by the offender's release, the court *shall base its findings on one or more of the following*:
>
>    a. The nature and circumstances of the violation and any new offenses charged.
>
>    b. The offender's present conduct, including criminal convictions.
>
>    c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.
>
>    d. The weight of the evidence against the offender.
>
>    e. Any other facts the court considers relevant.
>
> 2. Decide whether to revoke the probation or community control.

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

§ 948.06(8)(e), Fla. Stat. (2015) (emphasis added).

"[T]he written findings requirement of section 948.06(8)(e) is mandatory, not discretionary." *Barber v. State,* 207 So. 3d 379, 384 (Fla. 5th DCA 2016). "The statute provides that there are a number of factors the trial court should consider in making the dangerousness determination, and that decision must be based on one or more of them." *Id.*

Nonetheless, because a defendant's designation as a VFOSC does not depend on a finding that the defendant poses a danger to the community, a trial court's failure to make written findings under section 948.06(8)(e) as to whether a defendant poses a danger to the community does not entitle the defendant to have the VFOSC designation stricken. In *Barber,* the Fifth District conducted an exhaustive analysis of section 948.06(8) and explained:

For purposes of our discussion, section 948.06(8) can be analyzed in two parts. The first part deals with provisions that pertain to the requirements that must be met to qualify a person as a violent felony offender of special concern, which include provisions for pretrial detention for those who qualify. *See* § 948.06(8)(b)-(d), Fla. Stat. (2015); *see also* Fla. R. Crim. P. 3.790(b)(3)(A). The second part deals with sentencing of individuals who are found by the trial court to be in violation of a non-monetary condition and who are violent felony offenders of special concern found to pose a danger to the community. *See* § 948.06(8)(e), Fla. Stat. (2015); *see also* Fla. R. Crim. P. 3.790(b)(3)(B). *The designation under the first part of the statute does not depend on findings that the individual poses a danger to the community.* However, for sentencing purposes under the second part of the statute, the designation under the first part is a necessary ingredient. Hence, the

designation under the first part is applicable and has significance in the pretrial context before the case progresses to sentencing. *If the defendant is found to be a danger to the community, that finding results in the designation under the second part of the statute. If not, there is nothing in the statute to indicate that the designation under the first part must be eliminated.* Accordingly, we reject the notion espoused by Barber that noncompliance with the written findings necessary for sentencing purposes requires that the designation under the first part of the statute be stricken.

Barber's reliance on *Bailey v. State*, 136 So. 3d 617 (Fla. 2d DCA 2013), is misplaced, so that decision is of no benefit to him. In *Bailey*, the court was concerned with the sufficiency of the written findings filed by the trial court to support its conclusion that the defendant qualified as a violent felony offender of special concern who posed a danger to the community under section 948.06(8)(e). *Id.* at 620–21. The court noted that the defendant did not contest the fact that he qualified for designation under sections 948.06(b)-(d). *Id.* at 619. The court held that, because the written findings were insufficient for the designation under section 948.06(8)(e), the designation must be stricken. *Id.* at 620–21. *There is nothing in the opinion indicating that the court meant to strike the designation under sections 948.06(8)(b)-(d).*

*Id.* at 383.

A trial court's finding under section 948.06(8)(e) as to whether a defendant who qualifies as a VFOSC poses a danger to the community is significant because it determines whether revocation of probation is mandatory or discretionary. § 948.06(8)(e)2., Fla. Stat. (2015). However, because a guidelines sentence "would be legal irrespective of the findings made pursuant to section 948.06(8)(e)," a trial court's failure to make the mandated written findings under section 948.06(8)(e) does not necessitate reinstatement of the defendant's probation. *See Barber*, 207 So. 3d at 383–85. Rather, "the proper remedy is to reverse the sentencing order and remand for another sentencing hearing with directions that the trial court make the necessary written findings under section 948.06(8)(e) when imposing its sentence." *Id.* at 385.

Here, the trial court did make a conclusory written finding that appellant was "not a danger" to the community, but there is no indication in the disposition order that the trial court based its finding on one or more

of the factors set forth in section 948.06(8)(e)1.a.–e. Thus, the trial court's disposition order is deficient. *See Bailey*, 136 So. 3d at 620 ("While the trial court *did* place an 'X' on the line indicating that it found Bailey to be a violent felony offender of special concern who posed a danger to the community, the court *did not* place an 'X' in any of the blanks to indicate which specific facts listed in section 948.06(8)(e) it was relying on to find that Bailey qualified as such.").

Appellant is not entitled, however, to have the VFOSC designation stricken. Appellant indisputably qualifies as a VFOSC under section 948.06(8)(b)–(c). This designation does not depend on a finding as to whether he poses a danger to the community. Regardless of the adequacy of the trial court's findings under section 948.06(8)(e), the trial court correctly imposed 12 points on appellant's scoresheet due to his violation of probation as a VFOSC. *See* § 921.0024(b)2.a., Fla. Stat. (2015). Thus, there is no scoresheet error concerning appellant's designation as a VFOSC.

Appellant's reliance upon *Bryant v. State*, 148 So. 3d 1251 (Fla. 2014), is misplaced because the required written findings at issue in that case were necessary to support the imposition of an upward departure sentence. In *Bryant*, the Florida Supreme Court held that a sentence in excess of a nonstate prison sanction constitutes an upward departure sentence where a defendant scores 22 points or fewer so as to implicate section 775.082(10), which requires the sentencing court to impose a nonstate prison sanction unless it makes written findings that such a sentence poses a danger to the public. *Id.* at 1258. The Florida Supreme Court further held that when any upward departure sentence is vacated, a guidelines sentence must be imposed on remand even if the trial court's original error was failing to articulate the reasons supporting the sentence in a written order.[1] *Id.* at 1257.

In contrast to *Bryant*, and contrary to appellant's argument, a VFOSC designation is not "effectively an upward departure." The VFOSC designation is based on a defendant's criminal history, and does not depend on whether the trial court has made the required written findings pursuant to section 948.06(8)(e). While the VFOSC designation results in additional points on the defendant's scoresheet if a defendant violates probation, it does not result in an upward departure from the sentencing guidelines.

---

[1] The *Bryant* court recognized an exception for cases involving habitual felony offender sentencing. *Id.* at 1259.

Moreover, even when a trial court finds under section 948.06(8)(e) that a defendant designated as a VFOSC poses a danger to the community, this finding has no bearing on the statutory maximum sentence, but rather is relevant to the decision whether to revoke probation. Where a trial court imposes a guidelines sentence on a defendant who has been designated as a VFOSC, the sentence is "legal irrespective of the findings made" under section 948.06(8)(e). *Barber*, 207 So. 3d at 384. Thus, unlike the situation in *Bryant* where the required written findings were necessary to support an upward departure, a trial court's failure to make the required written findings under section 948.06(8)(e) is not the type of sentencing error that cannot be corrected on remand.

Under the specific facts of this case—where the trial court found that appellant was not a danger to the community and imposed a guidelines sentence—any suggestion that an "upward departure" sentence was imposed is without merit. Put simply, the present case does not involve an upward departure sentence.

Based on the foregoing, we reverse and remand "for another sentencing hearing with directions that the trial court make the necessary written findings under section 948.06(8)(e) when imposing its sentence." *Barber*, 207 So. 3d at 385.

Next, appellant correctly argues, and the state concedes, that we should reverse the trial court's imposition of a public defender fee in excess of the $100 minimum under section 938.29(1)(a), Florida Statutes (2015), which was done without notice and a hearing, and without factual findings supporting the higher amount of fees. *See Alexis v. State*, 211 So. 3d 81, 82–83 (Fla. 4th DCA 2017). We therefore reverse and remand for the trial court "to reduce the public defender fee to the statutorily required $100 or to hold a hearing with proper notice to obtain evidence in support of a public defender fee in an amount greater than the statutory minimum." *Id.* at 83.

Finally, we remand for entry of a written order of revocation of probation specifying the conditions appellant was found to have violated. *See, e.g.*, *Clark v. State*, 201 So. 3d 799, 799 (Fla. 4th DCA 2016).

*Reversed and Remanded*

MAY and CIKLIN, JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*