DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JIMEAL SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2525

[April 4, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 14-1560CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

KLINGENSMITH, J.

Appellant Jimeal Smith appeals the trial court's failure to enter written orders revoking his probation and finding him to be a danger to the community as a violent offender of special concern. He asserts that the lack of written orders requires reversal. We agree, and reverse for entry of proper orders.

At appellant's probation revocation hearing, the trial court found him to be a violent offender of special concern pursuant to section 948.06(8)(b), Florida Statutes (2016). Thereafter, the trial court discussed whether appellant was a danger to community and stated, "The evidence presented is while on probation, he violates his probation by clocking somebody in the mouth. How can I find that he's not a danger to the community? So the difficulty is his history. That's the problem." The trial court then found that appellant willfully and substantially violated his supervision.

During sentencing, the trial court also concluded that appellant was a danger to the community, and sentenced him to 36 months imprisonment. However, the trial court did not enter a written order revoking appellant's

probation, nor did it make a written finding about his danger to the community.

"The legality of a trial court's sentencing is reviewed de novo." *Whittaker v. State*, 223 So. 3d 270, 272 (Fla. 4th DCA 2017).

As to appellant's first point on appeal, the trial court's failure to enter an order revoking appellant's probation was error, but one that can be corrected on remand by the filing of a proper written order. *See King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010) ("If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated.").

On appellant's second point, "[i]f the court, after conducting the hearing . . . , determines that a violent felony offender of special concern has committed a violation of probation or community control[,]" then the judge must make written findings as to whether that individual poses a danger to the community. § 948.06(8)(e). "[T]he written findings requirement of section 948.06(8)(e) is mandatory, not discretionary." *Barber v. State*, 207 So. 3d 379, 384 (Fla. 5th DCA 2016). "However, because a guidelines sentence 'would be legal irrespective of the findings made pursuant to section 948.06(8)(e),' a trial court's failure to make the mandated written findings under section 948.06(8)(e) does not necessitate reinstatement of the defendant's probation." *Whittaker*, 223 So. 3d at 274 (quoting *Barber*, 207 So. 3d at 383-85).

Generally, "'the proper remedy is to reverse the sentencing order and remand for another sentencing hearing with directions that the trial court make the necessary written findings under section 948.06(8)(e) when imposing its sentence.'" *Id.* (quoting *Barber*, 207 So. 3d at 385). However, in those cases where the trial court orally pronounces a reason under this section for its finding that an individual poses a danger to the community, but fails to provide a written order, then "the proper remedy is to affirm the revocation of the defendant's probation, but remand for entry of a written order conforming to the court's oral pronouncement." *Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016).

Here, the court made an oral pronouncement finding appellant to be a danger to the community due to "clocking somebody in the mouth" while on probation, which was consistent with one or more factors listed under section 948.06(8)(e)(1). *See* § 948.06(8)(e)(1)(a) ("The nature and circumstances of the violation and any new offenses charged."), .06(8)(e)(1)(b) ("The offender's present conduct, including criminal convictions.").

Therefore, we affirm the revocation of appellant's probation, but remand for the entry of written orders revoking appellant's probation and conforming to the trial court's oral pronouncement of its determination that appellant posed a danger to the community. *See Whittaker*, 223 So. 3d at 274; *Barber*, 207 So. 3d at 384; *Arnone*, 204 So. 3d at 557. This is consistent with both our prior cases and section 948.06(8)(e). Appellant need not be present for either action. *See, e.g., Dougherty v. State*, 785 So. 2d 1221, 1223 (Fla. 4th DCA 2001) ("The imposition of a sentence is a crucial stage at which the defendant is entitled to be present. . . . An exception is made in resentencing cases where all that is required on remand is a ministerial act of sentence correction.").

*Affirmed in part, reversed in part and remanded.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3