DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JIMEAL SMITH,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-2525

[May 23, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Raag Singhal, Judge; L.T. Case No. 14-1560CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

CORRECTED OPINION

KLINGENSMITH, J.

After this court requested supplemental briefing from the parties to address orders from the lower court that were not contained in the parties' briefs or in the record of appeal, and more particularly the impact of those orders on our prior opinion, we hereby withdraw that prior opinion and substitute this corrected opinion in its place.

Appellant Jimeal Smith appeals the trial court's failure to conduct a separate evidentiary hearing before finding him to be a danger to the community as a violent offender of special concern after revoking his probation. He asserts that the lack of such an evidentiary hearing in this case requires reversal. We disagree, and affirm.

At appellant's probation revocation hearing, the trial court found him to be a violent offender of special concern pursuant to section 948.06(8)(b), Florida Statutes (2016). Thereafter, the trial court discussed whether appellant was a danger to community and stated, "The evidence presented

is while on probation, he violates his probation by clocking somebody in the mouth. How can I find that he's not a danger to the community? So the difficulty is his history. That's the problem." The trial court then found that appellant willfully and substantially violated his supervision. Based on the evidence already presented, which appellant had the opportunity to contest, the court concluded that appellant was a danger to the community, and sentenced him to 36 months imprisonment. Subsequently, it entered a written probation revocation order and written findings concerning its ruling that appellant was a violent felony offender of special concern.

"The legality of a trial court's sentencing is reviewed de novo." *Whittaker v. State*, 223 So. 3d 270, 272 (Fla. 4th DCA 2017).

On appellant's point of appeal, Florida Statutes provide that "[i]f the court, after conducting [a recorded violation-of-probation hearing at which both the state and the offender are represented] determines that a violent felony offender of special concern has committed a violation of probation or community control[,]" then the judge must make written findings as to whether that individual poses a danger to the community. § 948.06(8)(e).

Here, the court made an oral pronouncement finding appellant to be a danger to the community due to "clocking somebody in the mouth" while on probation, which was consistent with one or more factors listed under section 948.06(8)(e)(1). *See* §§ 948.06(8)(e)(1)(a) ("The nature and circumstances of the violation and any new offenses charged."); .06(8)(e)(1)(b) ("The offender's present conduct, including criminal convictions."). These findings were appropriately reduced to writing pursuant to section 948.06(8)(e)(1). Nothing in the statutes requires that a separate evidentiary hearing take place.

Therefore, we affirm the trial court's revocation of appellant's probation, the court's finding that the appellant was a violent offender of special concern, and the court's determination that appellant posed a danger to the community.

*Affirmed.*

WARNER and CIKLIN, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2