NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALONSO KAOSAYAN HERNANDEZ,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellant,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　　　Case No. 2D18-1875
　　　　　　　　　　　　　　　　　　)
STATE OF FLORIDA　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　Appellee.　　　　　　　　)
_____)

Opinion filed November 9, 2018.

Petition Alleging Ineffective Assistance
of Appellate Counsel.  Highlands County; J.
Dale Durrance, Judge.

Alonso Hernandez, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Brandon R. Christian,
Assistant Attorney General, Tampa, for
Respondent.


LaROSE, Chief Judge.

　　　　　　Alonso Kaosayan Hernandez filed a petition under Florida Rule of

Appellate Procedure 9.141(d) asserting four grounds of ineffective assistance of

appellate counsel.  We grant as to grounds one and four and deny as to grounds two

and three.

　　　　　　Mr. Hernandez entered a negotiated no contest plea to burglary of a

dwelling or structure with over $1000 in damage and grand theft, $20,000 or more, in

case numbers 2010-CF-421 and 2010-CF-427, and to grand theft in case number 2011-CF-909. Because he was later found incompetent to proceed, his sentencing hearing was put off until he regained competency, about two years later. Counsel for Mr. Hernandez at sentencing was not the attorney who negotiated the plea deal. Counsel advised the trial court that Mr. Hernandez had instructed him to renegotiate the plea deal because he did not understand the plea colloquy and proceedings before the prior judge, Judge Cowden. However, the State declined to renegotiate.

Counsel said that he did not think there was a good faith basis for a motion to withdraw plea[1] and believed that the plea was very thought out and complete. He asserted that Judge Cowden would have stopped the proceedings if there had been an issue with Mr. Hernandez's understanding of what was taking place during the plea colloquy. Counsel never formally moved to withdraw Mr. Hernandez's plea, and there was no ruling by the trial court. The trial court did not ask Mr. Hernandez if he wanted to withdraw his plea; it heard arguments regarding the appropriate sentence to impose. The trial court then sentenced Mr. Hernandez to a total of fifteen years' imprisonment followed by fifteen years' probation.

The State concedes that appellate counsel was ineffective for failing to argue on appeal that once trial counsel took a position adverse to Mr. Hernandez's obvious desire to withdraw his plea, the trial court should have either permitted counsel to withdraw or discharged counsel and appointed conflict-free counsel for this critical

---

[1]Florida Rule of Criminal Procedure 3.170(f) provides that a trial court "may in its discretion, and shall on good cause, at any time before a sentence," permit the withdrawal of a guilty or no contest plea. Mr. Hernandez and the State assert that trial counsel need only have asked the trial court to exercise its discretion to permit Mr. Hernandez to withdraw his plea.

stage of the proceedings.  See Jones v. State, 74 So. 3d 118, 120-21 (Fla. 1st DCA 2011) (holding that the relationship between the defendant and defense counsel became adversarial once counsel stated that he did not believe the defendant had a sufficient basis for withdrawing his plea and that the trial court should have either permitted counsel to withdraw or discharged counsel and appointed conflict-free counsel to represent the defendant because a motion to withdraw plea is a critical stage of the proceedings); see also Benjamin v. State, 230 So. 3d 953, 955 (Fla. 2d DCA 2017) (reversing and remanding for the trial court to conduct a hearing on Benjamin's motion to withdraw plea because the trial court failed to inquire into the potential for conflict when counsel said that Benjamin had buyer's remorse and because the trial court failed to inquire into whether Benjamin's complaint that he was not provided with discovery would support his desire to withdraw his plea).

By accepting trial counsel's argument that there was no basis for Mr. Hernandez to withdraw his plea and proceeding to sentencing, the trial court deprived Mr. Hernandez of his right to be heard on his desire to withdraw his plea and of his right to the effective assistance of counsel during a critical stage of the proceedings. Consequently, appellate counsel's failure to raise this issue on appeal undermines confidence in the outcome of Mr. Hernandez's appeal.  See Downs v. Moore, 801 So. 2d 906, 909-10 (Fla. 2001).  Accordingly, we grant ground one of Mr. Hernandez's petition.  Because a new appeal would be redundant, we reverse Mr. Hernandez's sentences and remand for the trial court to appoint conflict-free counsel to file a motion to withdraw plea should Mr. Hernandez still desire to do so.

- 3 -

In ground four of his petition, Mr. Hernandez argues that appellate counsel was ineffective for failing to file a motion to correct sentencing error under Florida Rule of Criminal Procedure rule 3.800(b)(2) and preserve the issue of his improper designation as a violent felony offender of special concern (VFOSC). See Fla. R. App. P. 9.140(b)(2)(A)(ii)(d) (providing that a defendant who enters a plea may appeal a preserved sentencing error). Although the plea agreement called for designation as a VFOSC, he argues that the designation was improper because he was not on probation or community control at the time of the burglaries and his only prior offense was not a qualifying offense. Cf. Tucker v. State, 864 So. 2d 580, 581 (Fla. 2d DCA 2004) (holding that Tucker could not stipulate as part of a negotiated plea agreement to being sentenced as a habitual offender when the underlying substantive offenses necessary for such sentencing did not exist). Mr. Hernandez is correct; the VFOSC statute, by its very terms, applies to a person who is on probation. See § 948.06(8), Fla. Stat. (2012).

We reject the State's argument that Mr. Hernandez may be designated a VFOSC because he will qualify as such when he begins his probationary term for the qualifying offense of first-degree burglary.[2] The State misreads the very terms of section 948.06(8). Case law suggests that the State may seek the VFOSC designation if and when Mr. Hernandez violates his probation. See, e.g., Bailey v. State, 136 So. 3d 617, 618, 620–21 (Fla. 2d DCA 2013) (striking VFOSC designation and remanding for further proceedings because the trial court, at sentencing following the revocation of

---

[2]We note that while counsel gave no indication that Mr. Hernandez's improper designation as a VFOSC was a basis for his desire to withdraw his plea, it certainly could have been.

- 4 -

Bailey's probation, designated Bailey a VFOSC without making the statutorily-required written findings that he qualified as such); Whittaker v. State, 223 So. 3d 270, 272, 276 (Fla. 4th DCA 2017) (reversing Whittaker's sentence designating him a VFOSC upon revocation of his probation and remanding for another sentencing hearing and for the trial court to make the statutorily-required written findings to support the VFOSC designation); Barber v. State, 207 So. 3d 379, 382, 384 (Fla. 5th DCA 2016) (reversing Barber's sentence finding him to be a VFOSC upon the third revocation of his probation and remanding for another sentencing hearing and for the trial court to make the statutorily-required written findings to support the VFOSC designation).

For the reasons stated, we reverse Mr. Hernandez's sentences and remand for the trial court to appoint conflict-free counsel to assist Mr. Hernandez with his motion to withdraw plea, should he choose to file a written motion. If Mr. Hernandez does not withdraw his plea, the trial court must strike the VFOSC designation and the State may seek the designation if Mr. Hernandez violates probation.

Petition granted, in part; denied, in part; sentence reversed; remanded for further proceedings.


NORTHCUTT and KHOUZAM, JJ., concur.