DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTONIO L. THOMPSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3871

[February 27, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara Anne McCarthy, Judge; L.T. Case No. 09-7084CF10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals an order denying his Rule 3.800(b)(2) motion to correct a sentencing error. He argues his scoresheet improperly included twelve, rather than six, points for a community sanction violation as a violent felony offender of special concern ("VFOSC"), and four points for a legal status violation. We agree in part. We reverse and remand the case to the trial court to consider the statutory factors and make the statutorily mandated written finding that the defendant was a danger to the community.

The defendant initially pleaded nolo contendere to the lesser charge of aggravated child abuse under section 827.03(2), Florida Statutes (2007), in exchange for a negotiated sentence of five years in prison with credit for 483 days' time served and ten years' probation. The State nolle prossed a second count. The court imposed standard probation conditions, including that the defendant "live without violating the law."

The probation violation alleged the defendant violated the law by having

images of child pornography in his possession. At the hearing, a probation officer testified that the defendant was instructed on the probation conditions three times. The defendant signed the probation order.

A detective testified that he received two cyber tips from the National Center for Missing and Exploited Children. The cyber tips originated from Google and referenced a Gmail account. When he received a second cyber tip, he reviewed the videos and images and found they contained child pornography.

The detective obtained a search warrant to obtain account details. Once he received that data, he observed additional child pornography within the account. The detective determined the defendant owned the account.

The police executed a search warrant and performed an administrative search of the defendant's residence. The detective seized the defendant's cell phone. A digital forensics examiner retrieved and analyzed the cell phone's contents and recovered several images and videos containing child pornography.

The defendant was arrested and interviewed. He consented to the search of his phone. He initially denied downloading the images. But, when the detective suggested he might have to show the images to family members to see if they depicted someone the defendant knew, he admitted sending himself the child pornography images.

Defense counsel argued the defendant intended to download adult porn and accidentally downloaded the child pornography. Defense counsel argued the defendant only admitted possessing the images after the detective threatened to show them to his family.

The trial court found the defendant violated his probation, revoked his probation, and found the greater weight of the evidence supported a finding of a willful and substantial violation.

At the sentencing hearing, the scoresheet showed a lowest permissible prison sentence of sixty months. The defendant expressed remorse, and claimed that he was very sorry for his mistake. The State asked for thirty years, and argued the defendant was nothing but a danger to children. Defense counsel requested a five-year sentence and objected to the four-point assessment for a legal status violation. The trial court sentenced the defendant to thirty years in state prison with credit for time served.

The defendant filed a Rule 3.800(b)(2) motion, and argued that his scoresheet included twelve, rather than six, points for a community sanction violation because he was improperly designated as VFOSC. He argued the State did not request the VFOSC designation, and the court did not follow the statute in designating him as such. He also argued the scoresheet improperly added four points for a legal status violation. Because the trial court did not rule on the motion within sixty days, it was deemed denied.

The defendant now appeals.

We have de novo review of the claimed scoresheet error. *Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015).

The defendant continues to make the same arguments on appeal: (1) the scoresheet improperly contained twelve points for his designation as a VFOSC; and (2) the trial court failed to comply with the statutory requirements of section 948.06(8), Florida Statutes (2015). He further argues he is entitled to a new sentencing hearing in which the court considers the statutory factors in determining whether he poses a danger to the community and makes the required written finding.

Section 948.06(8) provides:

> (b) For purposes of this section . . . the term "violent felony offender of special concern" means a person who is on:
>   . . .
>
> 3. Felony probation . . . and is found to have violated that probation . . . by committing a qualifying offense;
>   . . .
>
> (c) For purposes of this section, the term "qualifying offense" means any of the following:
>   . . .
>
> 9. Computer pornography under s. 847.0135(2) or (3), [or] transmission of child pornography under s. 847.0137 . . . .
>   . . .
>
> (e) If the court, . . . determines that a violent felony offender of special concern has committed a violation of probation . . . the court shall:

3

**1. Make written findings as to whether or not the violent felony offender of special concern poses a danger to the community**. In determining the danger to the community posed by the offender's release, the court shall base its findings on one or more of the following:

a. The nature and circumstances of the violation and any new offenses charged.

b. The offender's present conduct, including criminal convictions.

c. The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation . . . from which the violation hearing arises and any other previous supervisions, including disciplinary records of previous incarcerations.

d. The weight of the evidence against the offender.

e. Any other facts the court considers relevant.

**2. Decide whether to revoke the probation or community control.**

a. If the court has found that a violent felony offender of special concern poses a danger to the community, the court shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law.

b. If the court has found that a violent felony offender of special concern does not pose a danger to the community, the court may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section.

§ 948.06(8), Fla. Stat. (2015) (emphasis added).

This case is similar to *Whittaker v. State,* 223 So. 3d 270 (Fla. 4th DCA 2017). There, the defendant pled nolo contendere to aggravated battery with a deadly weapon and was placed on probation. *Id.* at 272. The State sought revocation of probation based on six violations including resisting an officer without violence. *Id.* The court conducted a "danger hearing." *Id.*

4

The defendant's probation officer testified that he didn't think Whittaker was a danger to the community. *Id.* The court found him not to be a danger. *Id.* The defendant then entered an open plea to the alleged violations. *Id.*

The scoresheet included twelve points for violation of probation as a VFOSC, to which the defense objected. *Id.* The court sentenced the defendant to forty-nine months in prison. *Id.* The disposition order indicated the defendant was not a danger and that his probation was revoked. *Id.* However, it did not indicate that the court had considered any of the factors in section 948.06(8)(e). *Id.* And, the court did not enter a written order specifying the conditions violated. *Id.* The defendant filed two Rule 3.800(b)(2) motions to correct sentencing errors, which were denied. *Id.*

On appeal, Whittaker argued the trial court failed to comply with section 948.06(8). *Id.* He argued the court did not make the "danger" finding using the enumerated factors, and the order designating him as a VFOSC failed to comply with the statutory requirements. *Id.* at 272-73.

We agreed and held the disposition order revoking his probation was deficient. *Id.* at 275. Although the defendant qualified as a VFOSC, the trial court had not made mandatory written findings regarding whether the defendant posed a danger to the community and failed to specify which conditions had been violated. *Id.* at 275-76. The remedy: reverse and remand for another sentencing hearing to allow the court to make the necessary written findings under section 948.06(8)(e). *Id.* at 276.

Here, as in *Whittaker*, the defendant qualified as a violent felony offender of special concern under section 948.06(8)(b)3 because he was on felony probation and violated probation by committing the qualifying offense of transmission of child pornography. His designation as a VFOSC was imposed as a matter of law; it did not depend on a finding that he posed a danger to the community. Thus, the twelve points were correctly added to his scoresheet.

However, under the second part of the statute, the court was required to consider the factors under section (e) and make written findings as to whether the defendant was a danger to the community. In this regard, the trial court failed. We must therefore reverse and remand the case for a new sentencing hearing.

As the State concedes, the scoresheet should not have included four

additional points for a legal status violation. Nevertheless, the error was harmless as the trial court imposed the maximum sentence, rendering the four points irrelevant. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Because we must remand the case for a new sentencing hearing for the court to consider the statutory factors and make the required findings, the trial court should eliminate the four points.

*Reversed and Remanded.*

LEVINE and FORST, JJ., concur.

*  *  *

**Not final until disposition of timely filed motion for rehearing.**