DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY MOORE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3462

[March 13, 2019]

CORRECTED OPINION

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 09-021764-CF-10A.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Alexandra A. Folley, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Terry Moore, appeals the trial court's order revoking his probation and imposing sentence, contending the trial court erred by: (1) finding that the State's discovery violation was not prejudicial to the defense; (2) considering his alleged lack of remorse when sentencing; and (3) imposing a sentence based on an erroneous scoresheet and an improper determination that he qualified for sentencing as a violent felony offender of special concern ("VFOSC"), where the statutory provisions applicable for sentencing such offenders were not followed. We affirm the trial court's decision about the discovery violation without discussion. We also affirm the sentencing issue regarding Appellant's alleged lack of remorse without discussion. *See Peters v. State*, 128 So. 3d 832, 848 (Fla. 4th DCA 2013) (determining that consideration of remorse is appropriate when the defendant injects the issue of rehabilitation into the case by arguing that after years in prison he has been rehabilitated).

As discussed below, the State concedes error regarding the scoresheet and Appellant's entitlement to resentencing, but disagrees with Appellant's argument that the trial court cannot resentence him as a VFOSC on remand. The State further argues that the trial court's written order determining that Appellant violated probation does not comport with the trial court's oral pronouncement at the conclusion of the violation of probation hearing. We agree with the State's arguments and reverse the trial court's written order determining a violation of probation and the sentence imposed thereafter. We remand the case for entry of a written order revoking probation that conforms to the oral pronouncement and for resentencing using a corrected scoresheet. We further direct the trial court to comply with the statutory provisions for sentencing Appellant as a VFOSC.

*Background*

Appellant was convicted of second degree murder and sentenced to six years in prison, followed by five years of probation. While Appellant was on probation, an affidavit of violation of probation was filed, alleging Appellant violated probation by traveling to another county without procuring the consent of his probation officer and by committing a criminal trespass in Leon County. After a violation hearing, the trial court orally pronounced its finding that Appellant willfully and substantially violated probation as alleged in the violation affidavit. The trial court sentenced Appellant to 279.45 months in prison, the lowest permissible sentence according to his scoresheet, followed by five years of probation. Appellant gave notice of appeal.

While the appeal was pending, Appellant filed a rule 3.800(b)(2) motion, arguing that his "scoresheet included 12 points, rather than 6 points" because he was listed as a VFOSC, but the trial court failed to hold a hearing or make written findings regarding Appellant's status as a VFOSC. The State responded, arguing that the motion should be denied because: (1) the argument raised "is not cognizable under" rule 3.800(b)(2); and (2) on the merits, Appellant qualified as a VFOSC regardless of any findings. The trial court denied Appellant's motion, citing to the reasons in the State's response.

Appellant filed a subsequent rule 3.800(b)(2) motion, arguing that the record did not contain a written order revoking Appellant's probation. After Appellant filed his initial brief, the State responded, agreeing that there was no such written order in the record. However, after Appellant filed his initial brief, the trial court entered an order granting Appellant's motion, stating its finding that Appellant willfully and substantially

2

violated his probation by leaving the county without his probation officer's consent. The written order did not conform to the oral pronouncement at the conclusion of the violation hearing where the trial court additionally found Appellant violated probation by committing a trespass.

*Appellate Analysis*

Appellant argues that the trial court erred in imposing a sentence based on an improper scoresheet. "Because Appellant's argument concerning his scoresheet presents a pure issue of law, we apply the de novo standard of review." *Somps v. State*, 183 So. 3d 1090, 1092 (Fla. 4th DCA 2015).

Appellant argues that the trial court did not follow the statutory procedure in sentencing him as a VFOSC, where the State did not request a VFOSC designation and the trial court did not orally pronounce a finding that he qualified for the designation. Additionally, Appellant points out that the trial court did not conduct a danger hearing pursuant to section 948.06(8), Florida Statutes (2009), or make any written findings that Appellant is or is not a danger to the community. Appellant argues that the scoresheet used for sentencing improperly included twelve points for a community sanction violation by a VFOSC. Appellant asks us to reverse and remand for a new sentencing hearing where he cannot be designated as a VFOSC. Although no objection to the scoresheet was made during the sentencing hearing, the issue was preserved by Appellant's Florida Rule of Criminal Procedure 3.800(b)(2) motion. *See Arnone v. State*, 204 So. 3d 556, 557 (Fla. 4th DCA 2016) (finding the defendant preserved his arguments on appeal as to the VFOSC finding by filing a rule 3.800(b)(2) motion).

As discussed more fully below, the State concedes that the scoresheet used by the trial court assessed too many total points and that Appellant is entitled to a new sentencing hearing with a corrected scoresheet. However, the State contends that upon resentencing, the trial court is not foreclosed from treating Appellant as a VFOSC.

The scoresheet used at sentencing calculated that Appellant scored 400.6 points. It contained subsection VI, a community sanction violation section, filled out as follows:

3



VI.  Community Sanction violation before the court for sentencing
☐ Probation  ☐ Community Control  ☐ Pretrial Intervention or diversion                                                                                VI.  _____

☐          6 points for any violation other than new felony conviction  x _____ each successive violation  OR

☐          New felony conviction = 12 points x _____ each successive violation if new offense results in conviction
           before or at same time as sentence for violation of probation OR

☑          12 points x _____ each successive violation for a violent felony offender
           of special concern when the violation is not based solely on failure to pay costs, fines, or restitution OR

☐          New felony conviction = 24 points x _____ each successive violation for a violent felony offender of
           special concern if new offense results in a conviction before or at the same time for violation of probation

(arrows added). As the State concedes, the "box" for 12 points for VFOSC is checked (left arrow), but argues that there were no additional points actually added for subsection VI (right arrow). The State concedes error though, because the calculation of the total scoresheet points is incorrect. The scoresheet states that the total points add up to 400.6 points, but the numbered subsections of the scoresheet list the following subtotal of points: (1) 116, (2) 0, (3) 240, (4) 30.6, (5) 4, and (6) 0. These subtotals add up to a total of 390.6 points, not 400.6 points as stated on the scoresheet.

We agree with the State that Appellant is entitled to a new sentencing hearing with a corrected scoresheet. As the State concedes, because the trial court sentenced Appellant to the lowest permissible sentence, he is entitled to resentencing as it cannot be said that the same sentence would have been imposed despite the scoresheet error. *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005) (explaining the "would-have-been-imposed" test to determine whether a scoresheet error affected sentencing and if the record does not conclusively establish that the trial court would have imposed the same sentence despite the scoresheet error, remand for sentencing is required).

We also agree with the State that the trial court is not foreclosed from resentencing Appellant as a VFOSC. Appellant's arguments on appeal conflate his status as a VFOSC with the ability of the State to demand mandatory revocation of his probation by having him declared a danger to the community as a VFOSC. Appellant's arguments in this case are similar to the defendant's arguments in *Whittaker v. State*, 223 So. 3d 270 (Fla. 4th DCA 2017). There, the defendant argued that he should have been given six points on his scoresheet instead of twelve as a VFOSC because the trial court did not follow the statutory procedure under section 948.06(8), Florida Statutes, and also argued this Court should "reverse his sentence and remand for a new sentencing hearing where he cannot be designated as a VFOSC." *Id.* at 272-73. Similar to this case, the State agreed the defendant was entitled to a new sentencing hearing, but disagreed with the relief on remand. *Id.* at 273. In *Whittaker* we said:

[B]ecause a defendant's designation as a VFOSC does not depend on a finding that the defendant poses a danger to the community, a trial court's failure to make written findings under section 948.06(8)(e) as to whether a defendant poses a danger to the community does not entitle the defendant to have the VFOSC designation stricken.

*Id.* at 274. Additionally, we stated:

A trial court's finding under section 948.06(8)(e) as to whether a defendant who qualifies as a VFOSC poses a danger to the community is significant because it determines whether revocation of probation is mandatory or discretionary. § 948.06(8)(e) 2., Fla. Stat. (2015). However, because a guidelines sentence "would be legal irrespective of the findings made pursuant to section 948.06(8)(e)," a trial court's failure to make the mandated written findings under section 948.06(8)(e) does not necessitate reinstatement of the defendant's probation. *See Barber*[ *v. State*, 207 So. 3d 379, 383-85 (Fla. 5th DCA 2016)]. Rather, "the proper remedy is to reverse the sentencing order and remand for another sentencing hearing with directions that the trial court make the necessary written findings under section 948.06(8)(e) when imposing its sentence." *Id.* at 385.

*Id.* at 274-75.

The same principles apply to this case. It is clear that Appellant qualifies as a VFOSC. Section 948.06(8) defines a VFOSC, in part, as "a person who is on . . . [f]elony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act." § 948.06(8)(b)1., Fla. Stat. (2009). Under the list of enumerated "qualifying offenses" is murder. § 948.06(8)(c)2., Fla. Stat. (2009). Since Appellant was on probation for murder, he therefore meets the statutory requirements.

We reverse the sentence imposed in this case and remand for resentencing with a properly calculated scoresheet. On resentencing the trial court shall comply with the provisions of section 948.06(8). Additionally, the written order revoking probation and stating the conditions of probation the trial court found Appellant violated did not match the oral pronouncement made during the violation hearing. We direct the trial court to vacate the order revoking probation and enter a

new written order that conforms to the oral pronouncement of which conditions of probation it found Appellant violated. *See Hernandez v. State*, 254 So. 3d 1091, 1092 (Fla. 3d DCA 2018) (remanding to the trial court "for correction of the written order for revocation so that it conforms to the trial court's oral pronouncement").

*Affirmed in part, reversed in part, and remanded with instructions.*

GROSS and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***