NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROBERT SANDERS McCRAY,      )
      )
      Appellant,      )
      )
v.      )      Case No. 2D18-1541
      )
STATE OF FLORIDA,      )
      )
      Appellee.      )
_____)

Opinion filed October 2, 2019.

Appeal from the Circuit Court for Pasco
County; Susan G. Barthle, Judge.

Howard L. Dimmig, II, Public Defender, and
Robert D. Rosen, Assistant Public
Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Chelsea N. Simms,
Assistant Attorney General, Tampa, for
Appellee.


LaROSE, Judge.

      Robert Sanders McCray appeals the order revoking his community control

and sentencing him as a Violent Felony Offender of Special Concern (VFOSC).  We

have jurisdiction.  See Fla. R. App. P. 9.030(b)(1)(A); 9.140(b)(1)(D), (F).  We affirm the

revocation and sentence.  We remand, however, so that the trial court may correct a

scrivener's error, and render the written VFOSC statutory findings necessary under section 948.06(8)(e), Florida Statutes (2014).

## Background

The State charged Mr. McCray with petit theft, a third-degree felony. § 812.014(3)(c), Fla. Stat. (2014). He pleaded guilty. In August 2015, the trial court sentenced him to two years of community control. Mr. McCray repeatedly violated the conditions of his supervision.

The "Prior Record" section of every one of Mr. McCray's scoresheets, beginning with his original August 2015 sentencing through his fifth and final violation hearing in January 2018, shows a conviction for second-degree felony burglary. Beginning with his first violation hearing, the State assessed legal status points for each successive violation of community control due to Mr. McCray's VFOSC designation.[1] See § 921.0024(1)(a)(2), Fla. Stat. (2014) (providing for the assessment of twelve community sanction points for each successive violation for a violent felony offender of special concern). Thus, at his last violation hearing, his scoresheet included sixty legal status points. As a result, Mr. McCray was looking at a bottom of the guidelines score of 56.775 months' imprisonment.

At the January 2018 hearing, the trial court expressed exasperation with Mr. McCray. The trial court observed that he had "so many violations, that's what's scoring you. . . . I didn't want to send you to prison . . . because I don't think you're a bad guy, but dadgummit . . . . Enough." The trial court also lamented that Mr. McCray had been "g[iven] . . . so many chances. . . . I can't justify [community control] anymore."

---

[1]In August 2017, the State filed a community control violation affidavit noting for the first time that Mr. McCray was a VFOSC.

The trial court terminated his community control and sentenced him to fifty-seven months' imprisonment. In doing so, the trial court announced that it "had no desire to sentence Mr. McCray to anything above the bottom of the guidelines."

Immediately after sentencing, defense counsel questioned the scoresheet's inclusion of sixty legal status points. The deputy clerk interjected that "he's in our system as a violent felony offender," to which the State offered that Mr. McCray had a prior conviction for burglary of a dwelling. The trial court observed, "That would do it – the second-degree burg." Defense counsel conceded, "I do remember that. That's been brought before. . . . That's fine. . . . I do remember that, Judge, now. Okay."

## Analysis

We confront, as our sister district described, "the statutory intricacies of revocation of probation proceedings involving . . . a [VFOSC] under section 948.06." Barber v. State, 207 So. 3d 379, 381 (Fla. 5th DCA 2016); see also Bailey v. State, 136 So. 3d 617, 620 (Fla. 2d DCA 2013) (decrying the trial court's use of a preprinted form as insufficient to satisfy the "intricacies of section 948.06(8)"). Mr. McCray raises two points. First, he contends that he was "never found . . . to be a violent felony offender of special concern." Second, he claims that the trial court "never made the statutorily required written findings necessary to sentence [him] as [a VFOSC]. This resulted in 30 additional sentencing points being improperly added to [his] scoresheet," the exclusion of which would have reduced his lowest permissible sentence, and, based upon the trial court's comments, would have resulted in a lower sentence. Because Mr. McCray essentially challenges the legality of his sentence, we afford de novo review. See Cruz v. State, 198 So. 3d 648, 650 (Fla. 2d DCA 2015) ("We review the legality of a sentence as a pure issue of law that is subject to de novo review.").

- 3 -

We quickly dispatch Mr. McCray's claim that he was not previously designated as a VFOSC. This claim was not preserved for our review. Mr. McCray did not pursue this argument in the trial court. The record reflects that his counsel questioned whether Mr. McCray had the necessary qualifying offense. Cf. Alcantra v. State, 39 So. 3d 535, 537 (Fla. 5th DCA 2010) ("When a defendant disputes a prior offense, the sentencing court must either require the State to produce corroborating evidence of the offense or not consider the offense."). The trial court promptly, and properly, disabused counsel of his concern. See § 948.06(8)(b)(2) (defining a VFOSC as an individual on "community control . . . and has previously been convicted of a qualifying offense"); (c)(12) (enumerating as a "qualifying offense" "[a]ny burglary offense . . . that is either a first degree felony or second degree felony"); see also Barber, 207 So. 3d at 382 ("It is undisputed that Barber qualifies as a violent felony offender of special concern . . . . Barber concede[d] in the trial court that he qualifies for that designation . . . ."). Indeed, counsel conceded that Mr. McCray was designated properly. Thus, because Mr. McCray did not pursue the specific argument before the trial court, we will not consider it now. See Conner v. State, 987 So. 2d 130, 132 (Fla. 2d DCA 2008) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved." (emphasis added) (quoting Tillman v. State, 471 So. 2d 32, 35 (Fla. 1985))).

Mr. McCray's next argument requires a bit more disassembling. He complains that the trial court made "no written findings that he posed a danger to the community." Apparently, he suggests that such written findings are a prerequisite to VFOSC designation. Therefore, he posits that the trial court should strike his VFOSC

- 4 -

designation and resentence him with a corrected scoresheet with fewer legal status points.

"[T]he VFOSC statute, by its very terms, applies to a person who is on probation." Hernandez v. State, 259 So. 3d 907, 910 (Fla. 2d DCA 2018). Specifically, "[s]ection 948.06(8) imposes additional requirements on the trial court when a probationer before it on revocation proceedings is a violent felony offender of special concern." Bailey, 136 So. 3d at 618. Section 948.06(8)(e)(1) provides that, if the trial court finds, following a revocation hearing, that the VFOSC has violated the terms of his supervision, other than a failure to pay costs, fines, or restitution, then "the court shall [m]ake written findings as to whether or not the violent felony offender of special concern poses a danger to the community." (Emphasis added.) Clearly, "th[e] statute requires that, if an individual meets the requirements for that designation, the trial court must make written findings as to whether the individual is a danger to the community." Barber, 207 So. 3d at 381 (citing § 948.06(8)(e)(1), Fla. Stat. (2015)). The trial court did not make the required written findings, taking into consideration any of the factors enumerated in section 948.06(8)(e)(1)(a)–(e). § 948.06(8)(e)(1) ("In determining the danger to the community posed by the offender's release, the court shall base its findings on one or more of the following . . . .").

The absence of these findings, however, does not compel us to strike Mr. McCray's VFOSC designation and remand for resentencing. "[B]ecause a defendant's designation as a VFOSC does not depend on a finding that the defendant poses a danger to the community, a trial court's failure to make written findings under section 948.06(8)(e) as to whether a defendant poses a danger to the community does not entitle the defendant to have the VFOSC designation stricken." Whittaker v. State, 223

So. 3d 270, 274 (Fla. 4th DCA 2017). More specifically subsections (b) through (d) of section 948.06(8) "deal[] with provisions that pertain to the requirements that must be met to qualify a person as a [VFOSC]." Barber, 207 So. 3d at 383. Under subsection (e), the statute "deals with sentencing of individuals who are found by the trial court to be in violation of a non-monetary condition and who are violent felony offenders of special concern found to pose a danger to the community." Id. Contrary to Mr. McCray's position, "[t]he VFOSC designation is based on a defendant's criminal history, and does not depend on whether the trial court has made the required written findings pursuant to section 948.06(8)(e)." Whittaker, 223 So. 3d at 275; see also Barber, 207 So. 3d at 383 ("[T]he designation under the first part is applicable and has significance in the pretrial context before the case progresses to sentencing. If the defendant is found to be a danger to the community, that finding results in the designation under the second part of the statute. If not, there is nothing in the statute to indicate that the designation under the first part must be eliminated."). Rather, the trial court's conclusion that a VFOSC poses a danger to the community compels revocation. Whittaker, 223 So. 3d at 274 ("A trial court's finding under section 948.06(8)(e) as to whether a defendant who qualifies as a VFOSC poses a danger to the community is significant because it determines whether revocation of probation is mandatory or discretionary."). Thus, despite the absence of the statutorily mandated findings, we leave Mr. McCray's VFOSC designation undisturbed.

Absent the required written findings, we must discern the appropriate remedy. In Martin v. State, 87 So. 3d 813, 813 (Fla. 2d DCA 2012), because the trial court made oral findings that Mr. Martin posed a danger to the community, in the absence of a written order memorializing such findings, we simply remanded for entry of

a written order comporting with the trial court's orally pronounced reasoning. In contrast, in Bailey, 136 So. 3d at 620-21, we struck the VFOSC designation and remanded for further proceedings because the trial court, despite the entry of a written order concluding that Mr. Bailey was a VFOSC who posed a danger to the community, failed to make either oral or written findings as to Mr. Bailey's dangerousness.

It strikes us that the choice of remedy turns on whether the trial court orally pronounced the specific facts under section 948.06(8)(e) upon which it relied to revoke supervision. Clearly, the trial court expressed its frustration with Mr. McCray's repeated violations and his unsuitability for continued supervision. This finding seemingly fits the bill. See § 948.06(8)(e)(1)(c) ("The offender's amenability to nonincarcerative sanctions based on his or her history and conduct during the probation or community control supervision from which the violation hearing arises and any other previous supervisions . . . ."). Consequently, remand is appropriate so that the trial court can make written findings conforming to its oral pronouncement.

We pause to note that, although a finding of one of the factors listed in section 948.06(8)(e)(1) would ordinarily point to dangerousness, this is not so apparent to us in Mr. McCray's case. As the State admits, "the trial court's clear frustration with [Mr. McCray] for forcing the court's hand to revoke probation, even though [Mr. McCray] was not 'a bad guy,' indicates that the court did not believe [Mr. McCray] to be a danger to the community." We leave it to the trial court, in the first instance, to craft the appropriate written findings. Cf. Akers v. City of Miami Beach, 745 So. 2d 532, 532 (Fla. 3d DCA 1999) ("[T]his court should not ordinarily decide issues not ruled on by the trial court in the first instance.").

- 7 -

Finally, we point out that the trial court's revocation order inaccurately states that Mr. McCray admitted to violating the terms of his supervision. On remand, we direct the trial court to rectify this scrivener's error and enter a corrected revocation order. See Caldwell v. State, 72 So. 3d 779, 779-80 (Fla. 2d DCA 2011) (remanding for the correction of a scrivener's error where "[t]he order incorrectly states that Caldwell admitted violating probation and that the court accepted the admission; however, the record shows that the court held a hearing on the violation, that Caldwell contested the fact that he violated, and that the court found a willful and substantial violation").

Affirmed; remanded with instructions.

NORTHCUTT and SMITH, JJ., Concur.